**Lori SPANO, Shannon Massey, Joan Horton, Charles Burr, and Patricia McGrath, Plaintiffs,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, Defendant.**

No. CV 01–1464–BR.

United States District Court, D. Oregon.

April 21, 2003.

N. Robert Stoll, Steve D. Larson, Mark A. Friel, Stoll, Stoll, Berne, Lokting & Schlacter P.C., Portland, OR, Charles A. Ringo, Attorney at Law, Beaverton, OR, for Plaintiffs.

John A. Bennett, Bullivant, Houser, Bailey P.C., Portland, OR, Michael P. Kenny, Cari K. Dawson, Alston & Bird LLP, Atlanta, GA, for Defendant.

1. As set out more fully below, Plaintiffs Joan Horton and Patricia McGrath and former Plaintiff Alan Opien voluntarily dismissed their claims in this action. In addition, all Plaintiffs dismissed their claims against Defendant SAFECO Corporation. The only claims that remain are the claims of Plaintiffs Lori Spano, Shannon Massey, and Charles Burr against Defendant SAFECO Insurance Company of America.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on Defendant's Motion for Summary Judgment (# 76), Defendant's Motion to Strike the Affidavit of Birny Birnbaum (# 103), and Plaintiffs'[1] Motion for Leave to File a Second (*sic*)[2] Amended Complaint (# 123).

For the following reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment and, therefore, **DISMISSES** Plaintiffs' claims against Defendant. The Court also **DENIES as moot** Defendant's Motion to Strike the Affidavit of Birny Birnbaum.

In addition, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion for Leave to File a Second (*sic*) Amended Complaint.

### *MOTION FOR SUMMARY JUDGMENT*

In their Third Amended Complaint, Plaintiffs allege Defendant SAFECO Insurance Company of America (SAFECO–America) violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, when it took or participated in the taking of adverse action with respect to the underwriting of Plaintiffs' personal lines insurance policies on the basis of information contained in Plaintiffs' consumer reports and then failed to notify Plaintiffs of that adverse action.

SAFECO–America moves for summary judgment on Plaintiffs' claims on three grounds. First, SAFECO–America argues it could not have taken any adverse action with respect to the underwriting of Plaintiffs' insurance policies because SAFECO–America is not a party to any of the underlying insurance policies. SAFECO–America contends, in any event, no adverse action was taken with respect to any Plaintiffs. Finally, SAFECO–America asserts Plaintiffs cannot

2. Although Plaintiffs seek leave to file a "Second Amended Complaint," Plaintiffs already have filed three amended complaints. Accordingly, Plaintiffs actually seek leave to file a Fourth Amended Complaint.

establish that SAFECO–America willfully failed to comply with its obligations under FCRA because this matter involves legal issues of first impression.

### Factual Background

In their pleadings, the parties offer the Court little undisputed material to consider. SAFECO–America fails to explain clearly the relationships between itself and its affiliated companies or the way those entities operate with respect to the underwriting and rating of individual policies. SAFECO–America instead merely states Plaintiffs' understanding of the relationships between those entities is inaccurate.

On the other hand, few of the statements of fact enumerated by Plaintiffs are supported by evidence in the record. Plaintiffs attempt to define the relationships between the SAFECO entities by relying on SAFECO–America's answers to various discovery requests. Plaintiffs, however, defined SAFECO–America for purposes of the discovery requests to include SAFECO–America and all of its subsidiaries and affiliates. Thus, the discovery responses on which Plaintiffs primarily rely do not support Plaintiffs' contention that SAFECO–America rather than its affiliates or subsidiaries performed any particular acts.

Nonetheless, the Court discerns the following undisputed facts from this convoluted record:

SAFECO Corporation (SAFECO) is the parent corporation of a group of insurance companies that are collectively referred to as the SAFECO Property and Casualty Insurance Companies. SAFECO–America is a wholly-owned subsidiary of SAFECO and one of the SAFECO Property and Casualty Insurance Companies. SAFECO Insurance Company of Illinois (SAFECO–Illinois) and American States Insurance Company (American) are also wholly-owned subsidiaries of SAFECO. SAFECO Insurance Company of Oregon (SAFECO–Oregon) is a wholly-owned subsidiary of SAFECO–America.

The SAFECO Property and Casualty Insurance Companies are independent companies with separate boards of directors. Each company holds separate board meetings and keeps separate books and minutes of those meetings. The SAFECO Property and Casualty Insurance Companies, however, jointly employ personnel. Each of the joint employees may work for multiple SAFECO Property and Casualty Insurance Companies. When an employee does work for a particular member company, he is considered an employee of that member company at that time.

SAFECO–America and several of the SAFECO Property and Casualty Insurance Companies are parties to an Intercompany Reinsurance Agreement (Agreement).[3] Pursuant to the Agreement, SAFECO–America agrees to accept and to reinsure all of the liabilities and expenses related to the insurance policies that the signatory SAFECO Property and Casualty Insurance Companies issued in consideration for the companies' promises to transfer to SAFECO–America all of the premiums and reserve accounts associated with those policies. The listed SAFECO Property and Casualty Insurance Companies also agree to reinsure all of SAFECO–America's liabilities and expenses related to insurance policies issued by or on its behalf in exchange for SAFECO–America's agreement to transfer to each of the signatory companies that company's respective share of SAFECO–America's premiums and reserves, including that company's share of the amounts reinsured by SAFECO–America under the Agreement. In addition, the signatory SAFECO Property and Casualty Insurance Companies authorized SAFECO–America to collect and to receive all premiums; "to take charge of," to adjust, and to pay all losses with respect to all of their insurance policies; and to "reinsure, administer or terminate" all such policies as appropriate. The signatory SAFECO Property and Casualty Insurance Companies also agreed to assign to SAFECO–America all of their companies' rights and interests in their agents' balances and uncollected premiums

---

**3.** SAFECO–Illinois and American are parties to the Agreement. SAFECO–Oregon is not a party to the Agreement.

as well as any other underwriting assets and related liabilities. In turn, SAFECO–America agreed to transfer and to assign to each company its respective allocation of such underwriting assets and liabilities.

The Agreement specifically provides that each of the signatory SAFECO Property and Casualty Insurance Companies:

1. "has the ultimate veto right on its underwriting";
2. "has the ultimate right to cancel its risks"; and
3. "has the ultimate responsibility for and control of claims adjustment and claims payment and investment management."

Friel Aff., Ex. 8 at Art. XII. In addition, SAFECO–America agrees to hold the premiums and to pay the expenses of the signatory SAFECO Property and Casualty Insurance Companies "in a fiduciary capacity" only. The Agreement also explicitly provides the parties entered into the Agreement solely for the benefit of the insurers who are parties to the Agreement. Finally, the Agreement provides it "shall not create any right or legal relation whatsoever between the primary insured and any party to this Agreement other than the company issuing the original insurance to such insured."

Although the exact nature and extent of SAFECO–America's role in the formulation of the SAFECO Property and Casualty Insurance Companies' policies regarding the underwriting of insurance policies, the retrieval of consumer reports, and the dissemination of FCRA notices is unclear from the record, it is undisputed that SAFECO–America did not enter into any insurance contracts directly with Plaintiffs nor issue any insurance policies to Plaintiffs. In fact, Plaintiffs' insurance policies were issued by other members of the SAFECO Property and Casualty Insurance Companies. In particular, SAFECO National Insurance Company originally issued Plaintiff Spano's automobile insurance policy. The policy subsequently was endorsed to SAFECO–Illinois and later to SAFECO–Oregon. SAFECO–Illinois issued Plaintiff Massey's renter's insurance policy. American issued Plaintiff Burr's automobile insurance policy.

### Standards

Fed.R.Civ.P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir.2002). In response to a properly-supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine " 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir.2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id.* A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir.1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir.1998) (citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir.2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir.2001).

### Discussion

■ 15 U.S.C. § 1681m(a) requires a person who "takes adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report" to provide notice of the adverse action to the consumer. In the insurance context, an adverse action means

a denial or cancellation of, an increase in any charge for, or a reduction or other adverse or unfavorable change in the terms of coverage or amount of, any insurance, existing or applied for, in connection with the underwriting of insurance.

15 U.S.C. § 1681a(k)(1)(B)(i).

In *Razilov v. Nationwide Mut. Ins. Co.*,[4] this Court concluded FCRA only requires the person who actually takes the adverse action to notify the consumer. 242 F.Supp.2d at 991–92 (D.Or.2003). In addition, the Court held a person does not actually take adverse action if the person merely participates in the formulation of policies, guidelines, or standards that may lead to the taking of adverse action. *Id.* In *Ashby v. Farmers Group, Inc.*, this Court further held only an entity capable of changing the terms of an insurance contract with an insured can take adverse action under the plain meaning of § 1681m(a). 261 F.Supp.2d 1213, 2003 WL 21078356 (D.Or.2003). In other words, only a person who contracts with the insured and, therefore, accepts the risk and obligation to pay claims and acquires the corresponding right to set and to receive premiums from the insured can take an adverse action with respect to the insured. *Id.*

As noted, it is undisputed that SAFECO–America did not enter into any insurance contracts with Plaintiffs and did not issue any insurance policies to Plaintiffs. Plaintiffs, nonetheless, seem to argue the facts of this case are distinguishable from the facts of *Razilov* and *Ashby* because the SAFECO entities entered into a reinsurance agreement.

"Reinsurance is essentially the mechanism by which insurers protect themselves from financial disaster that could ensue if the risks that they have underwritten result in losses at a rate far in excess of that which was assumed when the risks were accepted." Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 9:1 (3d ed.2003). In other words, reinsurance allows an insurance company to spread its risk to another company or to multiple companies. Such agreements, however, are between the primary insurer and its reinsurer(s) and create obligations and rights between those parties only. Reinsurance agreements do not alter the contractual relationship between the original insured and the insurer. *See id.* § 9:28 ("[I]t is widely recognized that the nature of reinsurance relationships does not render the reinsurer directly liable to the original insured.").

Although the Agreement at issue here contemplates SAFECO–America will collect the premiums, adjust the losses, and provide some degree of direction regarding the underwriting and rating of the signatory SAFECO Property and Casualty Companies' premiums, the Agreement unambiguously provides the ultimate control over and responsibility for underwriting and claims decisions lies with the individual insurers. The Agreement, therefore, did not change the relationships between Plaintiffs and their primary insurers. Notwithstanding the broad language in the Agreement to the contrary, only the entities that contracted with Plaintiffs and issued their policies could deny, cancel, increase the charge for, or reduce or change the terms of Plaintiffs' insurance. The Court, therefore, concludes Plaintiffs failed to show facts sufficient for a reasonable juror to conclude SAFECO–America took an adverse action against Plaintiffs. Accordingly, the Court concludes SAFECO–America is entitled to summary judgment as a matter of law and dismisses Plaintiffs' claims against SAFECO–America.[5]

### MOTION TO STRIKE THE AFFIDAVIT OF BIRNY BIRNBAUM

SAFECO–America also moves to strike the Affidavit of Birny Birnbaum, which Plaintiffs filed in support of their Memorandum in Opposition to SAFECO–America's Motion for Summary Judgment. In his Affidavit, Birnbaum primarily addresses issues other

---

4. Plaintiffs' counsel represent multiple Plaintiffs in eleven related putative class actions that involve alleged FCRA violations and that are currently pending in this Court.

5. Because the Court concludes SAFECO–America is entitled to summary judgment on this ground, the Court will not address whether SAFECO–America would be entitled to summary judgment on the alternative grounds raised in SAFECO–America's Motion.

than whether SAFECO–America was an entity that took adverse action against Plaintiffs. Because the Court granted SAFECO–America's Motion for Summary Judgment on the ground that SAFECO–America did not take adverse actions against Plaintiffs, Birnbaum's testimony is now irrelevant for purposes of SAFECO–America's Motion. The Court, therefore, denies SAFECO–America's Motion to Strike as moot.

### MOTION FOR LEAVE TO FILE SECOND (sic) AMENDED COMPLAINT

#### Procedural Background

On October 2, 2001, Plaintiff Lori Spano brought on her behalf and on behalf of all others similarly situated this purported class action against SAFECO for alleged violations of FCRA. In particular, Plaintiff Spano alleged SAFECO took adverse actions against her with respect to the underwriting of her automobile insurance as a result of information contained in her consumer report without notifying her as required under FCRA. On November 13, 2001, SAFECO filed its Answer, Defenses, and Affirmative Defenses to Plaintiff Spano's Complaint. SAFECO admitted its subsidiaries had used information contained in consumer reports when underwriting policies for automobile insurance. SAFECO, however, affirmatively pled it was not the "real party in interest" and Plaintiff Spano named the wrong party because

> SAFECO Corporation does not conduct or engage in any underwriting and does not issue insurance policies. SAFECO Corporation did not have any dealings with plaintiff, did not take any "adverse actions" toward plaintiff, and never issued an insurance policy to plaintiff.

Def.'s Ans., Def., and Affirmative Def. at 5.

On December 21, 2001, Plaintiff Spano filed a Motion for Leave to File a First Amended Complaint to add Alan Opien as a named plaintiff. In an Order dated January 8, 2002, the Court granted the Motion over SAFECO's objection. Plaintiffs Spano and Opien filed their First Amended Complaint the following day. SAFECO filed its Answer, Defenses, and Affirmative Defenses to the First Amended Complaint on January 24, 2002. Again, SAFECO asserted it was not the proper defendant because it did not issue any insurance policies to Plaintiffs Spano or Opien.

On June 4, 2002, Plaintiffs Spano and Opien filed a Motion for Leave to File a Second Amended Complaint. Plaintiffs Spano and Opien sought to do the following: 1) add two additional named plaintiffs, Shannon Massey and Joan Horton; 2) extend the class period back to January 2000 from September 2000; 3) add SAFECO–America as a defendant; and 4) add allegations to clarify that their claims relate to all personal lines of insurance rather than merely automobile insurance. On June 7, 2002, the Court dismissed Plaintiff Opien from this action pursuant to the stipulation of the parties. On July 9, 2002, the Court granted Plaintiff Spano leave to file the proposed Second Amended Complaint over SAFECO's objection. The Second Amended Complaint, however, named only SAFECO–America and did not name SAFECO as a party.

During a July 22, 2002, status conference with counsel, the Court granted the oral motion of Plaintiffs Spano, Massey, Horton, and Burr to add Patricia McGrath as an additional plaintiff and putative class representative. Plaintiffs filed their Third Amended Complaint against SAFECO–America on July 23, 2002. For the first time, Plaintiffs alleged SAFECO–America violated FCRA when it took "or participated in taking" adverse actions with respect to the underwriting of Plaintiffs' insurance policies.

On August 8, 2002, pursuant to a stipulation of the parties, the Court dismissed SAFECO from this action and ordered the parties to use the caption as set forth on the first page of this Opinion and Order in all subsequent pleadings.

On that same day, SAFECO–America filed its Answer, Defenses, and Affirmative Defenses to the Third Amended Complaint. SAFECO–America admitted Plaintiffs entered into insurance contracts with its subsidiaries or affiliates. Although SAFECO–America generally denied taking or participating in the taking of adverse action with

respect to the underwriting of Plaintiffs' insurance policies, SAFECO–America did not assert as an affirmative defense that it was not the real party in interest or that Plaintiffs had sued the wrong party.

On September 23, 2002, the parties filed a stipulated dismissal of Plaintiffs Horton and McGrath. On November 22, 2002, SAFECO–America filed a Motion for Summary Judgment with respect to the remaining claims of Plaintiffs Spano, Massey, and Burr on the ground that SAFECO–America, among other things, did not and could not have taken adverse action with respect to the underwriting of Plaintiffs' insurance policies because those underlying policies were solely between Plaintiffs and SAFECO–America's affiliates.

As noted, on January 21, 2003, the Court granted Nationwide Mutual Insurance Company's Motion for Summary Judgment in a related FCRA case, *Razilov v. Nationwide Mut. Ins. Co.*, 242 F.Supp.2d 977 (D.Or.2003). The Court held Nationwide did not take an adverse action for purposes of FCRA liability even though it established a decision-making process; provided consumer report information; and set the policies, guidelines, and standards that led to the taking of an adverse action. *Id.*, at 991–92. On February 20, 2003, this Court granted Farmers Group, Inc.'s Motion for Summary Judgment in another related FCRA matter, *Ashby v. Farmers Group, Inc.*, 261 F.Supp.2d 1213, 2003 WL 21078356 (D.Or.2003). The Court extended its holding in *Razilov* and concluded only a person who contracts with an insured and, therefore, accepts the risk and obligation to pay claims and acquires the corresponding right to set and to receive premiums from the insured can take an adverse action with respect to the insured. *Id.*

On March 3, 2003, Plaintiffs filed their current motion to amend. Plaintiffs move the Court for leave to amend their Third Amended Complaint to add claims against SAFECO–Illinois, SAFECO–Oregon, and American. In their Motion, Plaintiffs state they seek leave to amend in order to have these new claims relate back to October 2, 2001, the date that Plaintiff Spano filed the original Complaint in this matter.

On March 20, 2003, Plaintiffs filed a second putative class action against SAFECO–Illinois, SAFECO–Oregon, and American, CV 03–363–BR, for alleged violations of FCRA. Plaintiffs did not name SAFECO–America as a defendant in the new action.

### Allegations in Plaintiffs' Proposed Second (sic) Amended Complaint

Plaintiffs Spano, Massey, and Burr attempt to bring this action on behalf of themselves and all other persons who purchased personal lines of insurance from SAFECO–Illinois, SAFECO–Oregon, and American "and their affiliates" from January 2000 to present. Plaintiffs allege SAFECO–Illinois, SAFECO–Oregon, and American took adverse action with respect to the underwriting of the insurance policies issued to Plaintiffs and all others similarly situated based on information contained in consumer reports. Plaintiffs further allege SAFECO–Illinois, SAFECO–Oregon, and American willfully failed to provide Plaintiffs and all others similarly situated with oral, written, or electronic notice of such adverse actions as required by 15 U.S.C. § 1681m(a). Plaintiffs seek an award of statutory damages, punitive damages, attorneys' fees, and costs on behalf of themselves and all other members of the class.

### Standards

Fed.R.Civ.P. 15(a) provides a party may amend a pleading only by leave of court after a responsive pleading has been filed unless the opposing party consents to the amendment. Rule 15(a), however, also provides that leave to amend "shall be freely given when justice so requires." "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003). The Supreme Court has recognized several factors that a district court should consider when determining whether justice requires the court to grant leave to amend. Those factors include:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the op-

posing party by virtue of allowance of the amendment, futility of the amendment.

*Id.* at 1052 (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). The factor that carries the greatest weight is whether amendment will cause the opposing party prejudice. *Id.* "Absent prejudice or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

### Discussion

SAFECO–America contends each of the *Foman* factors weighs against granting Plaintiffs leave to amend their Third Amended Complaint.

### A. Undue Prejudice

■ As noted, whether an amendment will cause undue prejudice to the defendant is the key factor the court must consider when determining whether to grant a motion for leave to file an amended complaint. *Eminence Capital,* 316 F.3d at 1052. The party who opposes amendment bears the burden to show prejudice. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir.1987).

SAFECO–America contends it will suffer undue prejudice if the Court allows Plaintiffs to file a Fourth Amended Complaint because such an amendment would allow Plaintiffs to avoid an adverse summary judgment ruling. SAFECO–America also argues it will suffer undue prejudice if the Court grants Plaintiffs' Motion because it could be required to pay attorneys' fees incurred by Plaintiffs pursuant to the fee-shifting provision of FCRA if Plaintiffs eventually prevail on their claims.

15 U.S.C. § 1681n provides in part:

` Any person who willfully fails to comply with FCRA's requirements is liable to a consumer in an amount equal to the sum of ... in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

The Court, however, has granted summary judgment to SAFECO–America as to all of Plaintiffs' claims against it. SAFECO–America, therefore, will not be required to pay the attorneys' fees incurred by Plaintiffs regardless of the viability of Plaintiffs' proposed claims against SAFECO–Illinois, SAFECO–Oregon, or American. Thus, the Court finds SAFECO–America has not suffered any prejudice, and its arguments regarding summary judgment and attorneys' fees are moot.

■ The Court, however, must consider whether granting Plaintiffs' motion to amend would cause undue prejudice to SAFECO–Illinois, SAFECO–Oregon, and American. *See DCD Programs,* 833 F.2d at 187 (the district court's "major objective" is to avoid prejudice to the party to be added in the proposed amended complaint). Pursuant to § 1681n, SAFECO–Illinois, SAFECO–Oregon, and American may be required to pay Plaintiffs' reasonable attorneys' fees if Plaintiffs eventually prevail on their FCRA claims. In that event, however, the parties may argue whether the attorneys' fees incurred by Plaintiffs in pursuit of their claims against SAFECO and SAFECO–America are "reasonable" attorneys' fees to be attributed to SAFECO–Illinois, SAFECO–Oregon, and American pursuant to FCRA's fee-shifting provision. At that time, the Court can address whether Plaintiffs' alleged intentional, strategic decision prejudiced the proposed defendants.

SAFECO–America does not argue it or the proposed defendants will suffer any additional prejudice. SAFECO–America appears to concede that SAFECO–Illinois, SAFECO–Oregon, and American had adequate notice of this action. Plaintiffs' allegations against the proposed defendants are nearly identical to the allegations against SAFECO–America set out in Plaintiffs' Third Amended Complaint.[6] Moreover, SAFECO–America does not dispute Plaintiffs' contention that no additional discovery will be required if the Court grants Plaintiffs' motion to amend. The Court previously determined it would set additional case management dates in this matter after it resolved SAFECO–America's

---

**6.** Plaintiffs no longer allege participatory liability.

Motion for Summary Judgment. If the proposed defendants wish to raise any additional issues of potential prejudice caused by Plaintiffs' delay in filing their motion to amend, the Court can address those issues when the Courts sets the case management schedule.

Based on this record, the Court finds neither SAFECO–America nor the proposed defendants, SAFECO–Illinois, SAFECO–Oregon, or American, will suffer undue prejudice if the Court grants Plaintiffs leave to file a Fourth Amended Complaint.

### B. Bad Faith or Dilatory Motive

■ SAFECO–America argues Plaintiffs have exhibited bad faith by making an "eleventh-hour" request to add the proposed defendants after the failure of Plaintiffs' strategic decision to bring this action solely against SAFECO–America and not against the individual insurers who contracted with Plaintiffs and whose names appear on Plaintiffs' insurance policies. SAFECO–America speculates Plaintiffs initially chose to pursue only SAFECO–America in hopes of increasing the likelihood that the Court would certify a large national class and to avoid the need to locate additional class representatives.

Assuming for purposes of this Motion that Plaintiffs indeed made such a conscious strategic decision, the Court finds this fact does not support a finding that Plaintiffs filed the *current* motion in bad faith or for a dilatory purpose. Plaintiffs' allegations against SAFECO–Illinois, SAFECO–Oregon, and American are not frivolous on their face or in the context of the Court's decisions in the related FCRA actions, *Razilov* and *Ashby*. The parties apparently agree the addition of the proposed defendants will not cause any delay in the proceedings or require either SAFECO–America or the proposed defendants to incur expenses they otherwise would not be required to pay. The Court, therefore, concludes SAFECO–America has failed to show Plaintiffs' Motion was filed in bad faith or for a dilatory purpose.

### C. Previous Amendments

■ The district court's discretion to deny leave to amend is "particularly broad" if the plaintiff previously has amended the com-

plaint. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989). Thus, a court may deny leave to amend if the plaintiff has filed multiple pleadings and failed to cure pre-existing deficiencies. *Eminence Capital*, 316 F.3d at 1053. The Ninth Circuit, however, has implied the number of complaints previously filed carries less weight when the plaintiff adds a new theory or a new defendant to an action. *Id.* Under those circumstances, the court notes the plaintiff has not had multiple opportunities to cure known, pre-existing deficiencies in earlier versions of the complaint. *Id.*

■ Plaintiffs have amended the original Complaint three times. In each instance, Plaintiffs added additional class representatives. In addition, Plaintiffs substituted SAFECO–America for SAFECO after they discovered SAFECO–America's relationship with Plaintiffs' insurers. Plaintiffs' Proposed Second (*sic*) Amended Complaint is the first pleading to include allegations against SAFECO–Illinois, SAFECO–Oregon, and American. As a result, Plaintiffs previously have not had the opportunity to cure deficiencies in the proposed amended complaint. The Court, therefore, concludes the fact that Plaintiffs previously amended the original Complaint on multiple occasions does not weigh in favor of denying Plaintiffs leave to file a Fourth Amended Complaint to add claims against the proposed defendants.

### D. Futility

■ A proposed amendment to a complaint " 'is futile only if no set of facts can be proved under the amendment ... that would constitute a valid and sufficient claim.' " *Sweaney v. Ada County, Idaho,* 119 F.3d 1385, 1393 (9th Cir.1997) (quoting *Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988)). A plaintiff should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended complaint would be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *Miller,* 845 F.2d at 214. *See also DCD Programs,* 833 F.2d at 188.

■ The Court has granted SAFECO–America's Motion for Summary Judgment on the ground that no reasonable juror could conclude from this record that SAFECO–America took adverse actions against Plaintiffs. Accordingly, Plaintiffs' Proposed Second (*sic*) Amended Complaint could not withstand a motion to dismiss with respect to Plaintiffs' claims against SAFECO–America. The Court, therefore, concludes it would be futile for the Court to grant Plaintiffs' Motion to amend with respect to Plaintiffs' allegations against SAFECO–America.

SAFECO–America also argues it would be futile to grant Plaintiffs' Motion with respect to their new claims against SAFECO–Illinois, SAFECO–Oregon, and American because the alternative grounds in SAFECO–America's Motion for Summary Judgment would also preclude claims against the proposed defendants. SAFECO–America, therefore, "believes this Court should address these … [alternative grounds] before it permits any further amendments." The Court declines SAFECO–America's request to issue an advisory opinion on SAFECO–America's alternative grounds for summary judgment for the purpose of determining whether the proposed defendants later might succeed on the merits. Plaintiffs have alleged in their Proposed Second (*sic*) Amended Complaint that SAFECO–Illinois, SAFECO–Oregon, and American took adverse actions with respect to Plaintiffs based on information contained in their consumer reports and then willfully failed to notify Plaintiffs of those adverse actions. Plaintiffs' allegations are legally sufficient. Assuming the truth of those allegations for purposes of Plaintiffs' motion to amend, it is not beyond doubt that Plaintiffs can prove a set of facts in support of these claims. The Court, therefore, concludes SAFECO–America has not shown it would be futile for the Court to grant the Motion to amend with respect to the claims against SAFECO–Illinois, SAFECO–Oregon, and American.

In their motion to amend, Plaintiffs state they "seek to amend the complaint so the amended pleading will relate back to the original pleading for purposes of statute of limitations." Plaintiffs argue "relation back" is appropriate pursuant to Fed.R.Civ.P. 15(c) because the claims in the Proposed Second (*sic*) Amended Complaint arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original Complaint; the proposed defendants received notice of the institution of the action within the prescribed time; and the proposed defendants knew or should have known that, but for a mistake concerning the identity of the proper party, Plaintiffs would have brought the action against the proposed defendants. In SAFECO–America's Response, it contends Plaintiffs' new claims against SAFECO–Illinois, SAFECO–Oregon, and American should not relate back to the original Complaint because Plaintiffs did not make a mistake of identity.

SAFECO–America, however, did not argue it would be futile for the Court to grant Plaintiffs' motion to amend because all or some of Plaintiffs' claims against the proposed defendants are barred by the applicable statute of limitations. Moreover, Plaintiffs have not filed a formal motion to have the Proposed Second (*sic*) Amended Complaint relate back to the original Complaint. In short, neither party has addressed 1) the applicable statute of limitations; 2) the extent to which some or all of Plaintiffs' claims might be barred by the applicable statute of limitations; 3) the dates of the alleged adverse actions; 4) whether Plaintiffs' previous amendments should relate back to the original Complaint; or 5) the proper standard for relating back in a purported class action. Because the issue is not squarely before the Court at this time and the parties have failed to brief the issue adequately, the Court cannot determine on this record whether Plaintiffs' claims against the proposed defendants relate back to the date of the original Complaint or whether it would be futile for the Court to grant Plaintiffs' Motion because all or part of Plaintiffs' proposed claims are barred by the statute of limitations.

### E. Undue Delay

■ Plaintiff Spano initiated this action in October 2001. Plaintiffs knew early in the litigation that SAFECO–Illinois, SAFECO–Oregon, and American were the parties with

whom Plaintiffs contracted for insurance. Plaintiffs, however, did not move to add those insurers as defendants until March 2003. Although seventeen months passed before Plaintiffs decided to pursue these claims, the Court has not set any deadlines in this matter. Discovery is not yet complete, and a trial date is not looming. The Court already has found neither SAFECO–America nor the proposed defendants will suffer undue prejudice as a result of the addition of these defendants at this stage in the litigation. Under these circumstances, the Court finds Plaintiffs did not unduly delay asking the Court for permission to add the proposed defendants.

### F. Weighing the Factors

The Ninth Circuit has held "delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186. The most important issue for the Court to determine is whether the existing defendant or the proposed defendants will suffer undue prejudice if the Court grants the motion to amend. The Court finds SAFECO–America has failed to show that it or its affiliates will suffer undue prejudice if the Court grants Plaintiffs leave to amend the Third Amended Complaint to add claims against SAFECO–Illinois, SAFECO–Oregon, and American. SAFECO–America also has failed to show it would be futile for the Court to grant Plaintiffs' motion to amend with respect to their claims against SAFECO–Illinois, SAFECO–Oregon, and American. Plaintiffs' proposed claims are not frivolous, and SAFECO–America has not shown Plaintiffs filed such claims in bad faith or for the purpose of delaying these proceedings.

Based on the foregoing, the Court grants Plaintiffs leave to amend their Third Amended Complaint to include claims against SAFECO–Illinois, SAFECO–Oregon, and American. The Court, however, concludes it would be futile for the Court to grant Plaintiffs' Motion with respect to Plaintiffs' claims against SAFECO–America as noted herein and, therefore, denies Plaintiffs' Motion to that extent.

### *CONCLUSION*

For these reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (# 76) and, therefore, **DISMISSES** Plaintiffs' claims against Defendant. The Court also **DENIES as moot** Defendant's Motion to Strike the Affidavit of Birny Birnbaum (# 103).

In addition, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion for Leave to File a Second (*sic*) Amended Complaint (# 123). Plaintiffs shall caption the new pleading "Fourth Amended Complaint"; delete all previous or proposed allegations regarding Plaintiffs' claims against SAFECO–America; add the proposed allegations regarding Plaintiffs' claims against SAFECO–Illinois, SAFECO–Oregon, and American; and otherwise ensure the Fourth Amended Complaint is consistent with this Opinion and Order. Plaintiffs shall file their Fourth Amended Complaint no later than April 29, 2003.

IT IS SO ORDERED.