**Marvin C. JORDAN, an individual, Plaintiff,**

v.

**AIR PRODUCTS AND CHEMICALS, INC., a Pennsylvania corporation; et al., Defendants.**

**No. CV 01–05471 DDP(CTX).**

United States District Court, C.D. California.

Sept. 24, 2002.

Lee R. Feldman, Alicia Olivares–Uyeda, Dawn M. Young, Lee R. Feldman Law Offices, Emmanuel C. Akudinobi, Akudinobi & Ikonte, Los Angeles, CA, for Plaintiff.

Michael L. Wolfram, Wolfram Workplace Law, Los Angeles, John D. Stanley, Air Products & Chemicals, Allentown, PA, for Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

PREGERSON, District Judge.

### I. Background

Plaintiff Marvin Jordan brings this action against his former employer, defendant Air Products and Chemicals, Inc. ("Air Products"), for violation of the federal Uniform Services Employment and

---

Reemployment Rights Act ("USERRA"), for violation of the California Military and Veterans Code, for wrongful termination, and for intentional infliction of emotional distress. The following facts are derived from the joint statement of uncontroverted facts submitted by the parties on August 19, 2002.

Mr. Jordan began working for Air Products on May 22, 2000. Prior to and during his employment with Air Products, he was a member of the United States Naval Reserve. Mr. Jordan gave Air Products advance notice that he would be absent from his employment from July 31 through August 17, 2000 due to his service in the reserves. Mr. Jordan resumed work on his next regularly scheduled shift on August 21, 2000. Shortly after reporting to work, Mr. Jordan was notified that his employment was terminated effective immediately.

The two parties now bring cross-motions for partial summary judgment based on Mr. Jordan's claim to reemployment under USERRA, § 4312. 38 U.S.C. § 4312.

## II. Analysis

### A. *Legal Standard*

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus,

the "mere existence of a scintilla of evidence" in support of the nonmoving party's claim is insufficient to defeat summary judgment. *Id.* at 252, 106 S.Ct. 2505. In determining a motion for summary judgment, all reasonable inferences from the evidence must be drawn in favor of the nonmoving party. *Id.* at 242, 106 S.Ct. 2505.

### B. *The USERRA Creates a Mandatory Duty to Reemploy Service Persons and Does Not Require a Showing of Discrimination*

The parties' cross-motions center on Mr. Jordan's cause of action under USERRA, 38 U.S.C. § 4301 *et seq.* Specifically, the parties debate the interpretation and application of § 4312, which protects the rights of service persons to reemployment after an absence necessitated by their duties in the uniformed services.[1]

Under § 4312, members of the armed services who (1) properly notify their employers of the need for a service-related absence; (2) take a cumulative absence of no more than five years; and (3) properly reapply or report to work *shall* be entitled to the reemployment.

The defense maintains that under § 4312 the plaintiff is required to prove not only a failure to reemploy, but also that the person's military service was a motivating factor in the employer's decision. Support for this position is found in the Sixth Circuit's opinion in *Curby v. Archon,* 216 F.3d 549 (6th Cir.2000). In *Curby,* the court reasoned that the terms "employment" and "reemployment" in § 4312 are defined by the rights and bene-

---

**1.** The USERRA construes the term "reemployment" broadly to include persons technically on leave of absence who maintain some elements of the employee/employer relationship. 38 U.S.C. § 4316(a) (a person absent due to military service shall be "deemed to be on furlough or leave of absence while performing such service"); 38 U.S.C. § 4317(a)(1) (requiring an employer to provide health benefits during the employee's term of military service if such benefits were provided during service).

fits of USERRA as a whole. *Id.* at 556–57. Specifically, § 4312 states that an employee whose absence is necessitated by military duty "shall be entitled to the reemployment rights and benefits and other employment benefits *of this chapter* if ...." 38 U.S.C. § 4312(a) (emphasis added). Section 4311(a) defines the employment and reemployment rights generally, and § 4311(c) states that the rights are violated if the employee's membership in the uniformed services is a "motivating factor" in an employer's action. Under the *Curby* analysis, a uniformed service employee who meets the criteria of § 4312 is entitled to reemployment, as defined by § 4311.

The language in *Curby,* however, is dicta, as the employer did reemploy the serviceman. Section 4312 is, therefore, inapplicable on the facts of *Curby,* and the court's construction of the statute is nonbinding. Viewing § 4312's plain language, and mindful of the mandate to construe the USERRA liberally for the benefit of service persons, this Court finds that § 4312 creates an unqualified right to reemployment to those who satisfy the service duration and notice requirements. As the plain language of the statute makes clear, this benefit is subject only to the defenses enumerated in § 4312, *i.e.* reemployment is unreasonable, impossible or creates an undue hardship.

In so deciding, this Court adopts the considered reasoning in *Wrigglesworth v. Brumbaugh,* 121 F.Supp.2d 1126 (W.D.Mich.2000). In *Wrigglesworth,* the employee, while on military leave, was forced to tender his resignation. *Id.* at 1128–29. When he returned to his position, the employer refused to permit him to retain his previous level of seniority or to advance him to the level he would have attained but for his absence. *Id.* The court held this to be a violation of § 4312. The court reasoned that §§ 4311 and 4312 are independent, with only § 4311 requiring a finding of discriminatory intent. *Id.* at 1135–36.

> Section 4312 neither contains nor implies a proof of discrimination requirement. Section 4311 also does not suggest that its requirements are applicable to Section 4312. The statutory wording is clear and is to be enforced even without resort to legislative history, agency interpretation and case precedents.

*Id.* at 1135.

The defense maintains that this construction only entitles a service person to immediate reemployment and does not prevent the employer from terminating him the next day or even later the same day. The defense is correct in this assertion. Section 4312 serves only to guarantee service persons' reemployment without question as to the employer's intent. This interpretation is in keeping with congressional intent in enacting the USERRA. Finding existing veteran's right statutes overly complex and ambiguous, leaving veterans and employers confused as to their rights and responsibilities, Congress acted "to clarify, simplify, and where necessary, strengthen the existing veterans' employment and reemployment rights provisions." *Lapine v. Town of Wellesley,* 970 F.Supp. 55, 58 n. 2. (D.Mass.1997). Section 4312 places service people and employers on notice that, upon returning from service, veterans are entitled to their previous positions of employment. After being reemployed, the service person is protected by §§ 4316(c) and 4311. Section 4316 provides that a person who serves for over thirty days and is reemployed under the USERRA shall not be discharged from such employment "except for cause" for certain time periods. Under § 4311, the decision to terminate cannot be motivated, even in part, by the employee's member-

ship, application or participation in the armed services.[2]

### C. *Air Products Presents no Evidence That it Reemployed Mr. Jordan*

The parties do not contest that Mr. Jordan was a covered member of the uniformed services who tendered proper notice to Air Products and who took a cumulative leave of less than five years. Therefore, Air Products was required to reemploy Mr. Jordan upon his return from active duty. Once reemployed, Air Products could terminate Mr. Jordan as long as the termination decision was not motivated by Mr. Jordan's participation in the armed forces.

The undisputed facts evidence that Mr. Jordan was fired immediately upon returning from military service in Italy. The parties agree that "[s]oon after he reported to work on Monday, August 21, 2000, Jordan was notified by the plant manager in her office that his employment by Air Products was terminated effective immediately." (Jt. Stmt. Uncontr. Facts ¶ 7.) Mr. Jordan stated in his deposition that he had barely arrived at work and not yet changed into his uniform when he was summoned to the manager's office and dismissed. There is no evidence by Air Products that it paid Mr. Jordan for any part of that day. The record, therefore, evidences Air Products failure to reemploy Mr. Jordan upon his return from the armed services.

### III. Conclusion

The USERRA right to reemployment contained in § 4312 does not require a showing of discriminatory intent. As the parties agree, Mr. Jordan was a covered member of the statute, complied with the service duration and notice provisions, and

**2.** The Court notes that immediate termination following reemployment can be a factor in inferring discriminatory motivation. *Leisek v.*

was entitled to reemployment as a matter of law. Air Products failed to reemploy Mr. Jordan. There is no genuine issue of material fact; therefore, the plaintiff's motion for partial summary judgment is granted and the defendant's motion is denied.

IT IS SO ORDERED.

*Brightwood Corp.,* 278 F.3d 895 (9th Cir. 2002).