

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2004

# Gordon v. Wawa Inc

Precedential or Non-Precedential: Precedential

Docket No. 03-3089

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Gordon v. Wawa Inc" (2004). *2004 Decisions.* Paper 160.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/160

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3089
_____

WANDA GORDON, individually and as Administratrix ad Prosequendum for the Estate
of Willie James Gordon, Jr., Deceased,

Appellant

v.

WAWA, INC., aka WAWA FOOD MARKETS;
JOHN DOES I and X;
JOHN DOE CORPORATIONS, I TO X, individually
jointly, severally, and/or in the alternative.
aka
WAWA
dba
WAWA

_____

Appeal from the United States District Court
For the District of New Jersey
D.C. No.: 02-cv-04498
District Judge: Honorable Robert B. Kugler

_____

Argued: September 21, 2004

Before: MCKEE, ROSENN, and WEIS, Circuit Judges.

(Filed October 28, 2004)

Philip L. Faccenda, Esq. (Argued)
176 Route 70, Suite 10
Medford, New Jersey 08055

*Counsel for Appellant*

Edward T. Ellis, Esq. (Argued)
Janice G. Dubler, Esq.
457 Haddonfield Road Liberty View, 6th Floor, Suite 600
Montgomery, McCracken, Walker & Rhoads, LLP
Cherry Hill, New Jersey 08022

*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

This appeal presents questions of first impression concerning the scope of rights under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301–4333 ("USERRA"), of persons in noncareer military service. The case is of particular interest at this time because of the large number of reservists called up for military duty as a result of the conflicts in Iraq and Afghanistan. The alleged events underlying this action are tragic. Willie Gordon, an active member of the United States Army Reserve, also worked for the defendant, Wawa, Inc., in Vineland, New Jersey. On Sunday, September 17, 2000, on his way home from weekend Reserve

duties in Virginia, Gordon stopped by the Vineland store to pick up his paycheck and to obtain his work schedule for the upcoming week. At that time, Gordon's shift manager allegedly ordered him to work that night's late shift, and threatened to fire him if he refused. Willie Gordon complied with the order, and on his drive home from work, lost consciousness at the wheel of his car. His car crashed, and he died as a result of his injuries.

Plaintiff is Willie Gordon's mother and the administratrix of his estate. As the administratrix <u>ad prosequendum</u> for the estate of her son, plaintiff filed a complaint in the United States District Court for the District of New Jersey, alleging, <u>inter alia</u>, that defendant deprived the decedent of his right under USERRA to an eight-hour rest period between returning home from military exercises and returning to work.[1] The complaint further alleges that Wawa's threat to fire Gordon constituted an adverse employment action under USERRA. The complaint seeks, <u>inter alia</u>, statutory remedies of lost wages and benefits, attorney fees, and costs. <u>See</u> 38 U.S.C. § 4323(d), (h). The District Court granted Wawa's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff timely appealed from the District Court's order. We affirm.

## I.

Accepting the complaint's allegations as true, the District Court held that USERRA provides no cause of action here.[2] Specifically, the District Court held that 38 U.S.C. § 4312(e) "merely requires an employee returning from uniformed duty to notify his or her employer of an intent to return to work within a specified time period," and "imposes no affirmative duty on an employer to <u>prevent</u> an employee from reporting to work prior to the expiration of an eight-hour period following the employee's return from uniformed services." <u>Gordon v. Wawa, Inc.</u>, No. 02-4498, slip op. at 7 (D.N.J. June 17, 2003) (emphasis in original). Further, the District Court concluded that the remedies available under USERRA reflect a congressional purpose to prevent employment discrimination based on military status of noncareer service members, and were thus inapplicable in this case. <u>Id.</u> at 9. Accordingly, the District Court granted Wawa's Rule 12(b)(6) motion to dismiss, and pursuant to 28 U.S.C. § 1367(c)(3), declined to exercise supplemental jurisdiction over plaintiff's state law claims.

---

[1]  Plaintiff, individually and as the administratrix for the estate of Willie Gordon, also asserts various tort claims against Wawa under New Jersey statutory and common law. Those claims, which plaintiff is now pursuing in state court, are not relevant to this appeal.

[2]  The District Court exercised jurisdiction over plaintiff's USERRA claims under 38 U.S.C. § 4323(b) and 28 U.S.C. § 1331. This Court has jurisdiction under 28 U.S.C. § 1291.

2

## II.

Our review of the District Court's dismissal of plaintiff's USERRA claims is plenary. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). Dismissal under Rule 12(b)(6) is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In making this decision, "the court must consider only those facts alleged in the complaint and accept all of the allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). All inferences are drawn in favor of the plaintiff. Oshiver, 38 F.3d at 1384.

Further, we construe USERRA's provisions liberally, in favor of the service member. Coffy v. Republic Steel Corp., 447 U.S. 191, 196 (1980) (interpreting USERRA predecessor Vietnam Era Veterans' Readjustment Assistance Act of 1974); Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 285 (1946) (construing Selective Training and Service Act of 1940); Hill v. Michelin N.A., Inc., 252 F.3d 307, 312-13 (4th Cir. 2001) ("Because USERRA was enacted to protect the rights of veterans and members of the uniformed services, it must be broadly construed in favor of its military beneficiaries.").

### A.

Plaintiff contends that 38 U.S.C. § 4312(e) confers a "right to eight-hours rest" between the time when the employee returns home from military exercises and when the employee must report to the employer. As with all questions of statutory interpretation, we first turn to the statutory language "to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." Marshak v. Treadwell, 240 F.3d 184, 192 (3d Cir. 2001) (citations and internal quotation marks omitted). We discern "[t]he plainness or ambiguity of statutory language . . . by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Id. (citations and internal quotation marks omitted). Where "the statutory meaning is clear, our inquiry is at an end." Ki Se Lee v. Ashcroft, 368 F.3d 218, 222 (3d Cir. 2004); Marshak, 240 F.3d at 192.

Section 4312(e) provides that a person whose military service caused an absence from work

> shall, upon completion of a period of service in the uniformed services, notify the employer . . . of the person's intent to return to a position of employment with such employer as follows:
>
> (A) In the case of a person whose period of service in the uniformed services was less than 31 days, by reporting to the employer —
>
> (i) not later than the

3

beginning of the first full regularly scheduled work period on the first full calendar day following the completion of the period of service and the expiration of eight hours after a period allowing for the safe transportation of the person from the place of that service to the person's residence; or

(ii) as soon as possible after the expiration of the eight-hour period referred to in clause (i), if reporting within the period referred to in such clause is impossible or unreasonable through no fault of the person.

38 U.S.C. § 4312(e)(1)(A)(i)-(ii) (emphasis added).

Unsurprisingly, plaintiff has focused little attention on the statutory language. By its plain terms, § 4312(e) sets forth the requirements of an employee to notify the employer of the employee's intention to return to work. The eight-hour period referred to in § 4312(e)(A)(i) marks the outer limit of the time by which the employee must report to the employer upon returning home from military service. As the District Court concluded, § 4312(e) is written entirely in terms of an employee's duties, as opposed to an employer's obligations. There is no way to construe this statutory language as conferring a substantive right to eight hours of rest for the returning employee.

Reading § 4312(e) in its broader context confirms this view, because the remainder of the section sets forth the other requirements for an employee to secure USERRA's reemployment guarantee, or the exceptions thereto. Section 4312(a) requires the employee to give the employer advance notice of leave, requires that the employee's cumulative leave be no longer than five years, and requires the employee to report to the employer in compliance with § 4312(e). Section 4312(b) contains an exception to the advance notice requirement. Subsection (c) contains exceptions to the five-year absence limit, and subsection (d) sets forth the conditions under which an employer need not re-engage an employee. The remaining subsections impose other duties on the employees, and the section concludes with the guarantee of USERRA rights to employees who satisfy § 4312's requirements, including "the notification requirements established in subsection (e) . . . ." 38 U.S.C. § 4312(h) (emphasis added).

The limited case law on § 4312 supports this view. See, e.g., Jordan v. Air Prods. & Chems., Inc., 225 F. Supp. 2d 1206, 1208 (C.D. Cal. 2002) (Section "4312 creates an unqualified right to reemployment to those who satisfy the service duration and notice requirements. . . . Section 4312 places service people and employers on notice that, upon returning from service, veterans are entitled to their previous positions of employment.")

4

(emphasis added); McGuire v. United Parcel Service, Inc., No. 97 C 0232, 1997 WL 543059, at \*3 (N.D. Ill. Aug. 28, 1997) (employee's eligibility for re-employment after active duty in U.S. Military Reserve "hinges on" § 4312's "requisites" of, inter alia, providing notice of intent to return to work), aff'd, 152 F.3d 673, 678 (7th Cir. 1998) (employee failed to give employer "reasonable notice that he wanted his job back").

Plaintiff's reliance on Boelter v. City of Coon Rapids, 67 F. Supp. 2d 1040 (D. Minn. 1999), is futile. In the context of interpreting a state law that grants reservists the right to take paid military leave (a benefit that USERRA does not guarantee), the Boelter court remarked in dictum that 38 U.S.C. § 4312 "guarantees, at a minimum, time for the safe transportation home plus an eight-hour rest period before an employee on military leave can be required to return to work." Id. at 1046. In holding that the city's interpretation of the statutory term "day" was incorrect under state legal precedents, the judge observed that the city's interpretation of the state law also "creates an inherent conflict with USERRA," by accelerating the time limit established by § 4312(e) for reporting to work. Id. (The judge mistakenly viewed § 4312 in terms of reporting to work, as opposed to giving notice of an intention to return to work.) However, he did not hold that USERRA confers the right to eight hours of rest.

We acknowledge that some aspects of the legislative history favor plaintiff's position that § 4312(e) provides a right to rest. However, our reading of the legislative history does not compel a contrary reading of § 4312(e)'s plain terms. See Malloy v. Eichler, 860 F.2d 1179, 1183 (3d Cir. 1988) ("Where the language of the statute is clear, only 'the most extraordinary showing of contrary intentions' justify altering the plain meaning of a statute.") (quoting Garcia v. United States, 469 U.S. 70, 75 (1984)). The Reports of the Senate and House Committees on Veterans' Affairs expressed concern for service members' physical well-being, and conveyed the Committees' intent that service members "reporting back to their civilian employment be allowed sufficient time to return to their residence and be rested before they are to perform their work." S. Rep. No. 103-158, at 50 (1993), 1993 WL 432576; see also H.R. Rep. No. 103-65, at 29 (1993), reprinted in, 1994 U.S.C.C.A.N. 2449, 2462 ("An employee . . . must be allowed a reasonable time to arrive back at his or her residence, a reasonable time to rest, and a reasonable time to travel to the place of employment.").[3] Indeed, both the Senate

---

[3] At points, the Senate and House Reports discuss § 4312(e)'s requirements in terms of reporting to begin work, as opposed to what the statute requires, reporting "the person's intent to return" to work. 38 U.S.C. § 4312(e)(1). See, e.g., S. Rep. No. 103-158, at 50 ("Under new section 4312(e), the time periods during which an individual must return to work or make an application for

5

and House Committees contemplated that the eight-hour rest period in § 4312(e) would prevent a scenario similar to the one alleged here, where an employer requires an employee to report to work within a few hours of returning from military exercises. See S. Rep. No. 103-158, at 50 ("The eight-hour minimum period imposed between the time of return and the time for reporting to work would provide for needed rest. An example would be that of an individual arriving at his or her residence at 11:00 p.m., two hours before the next regular work period scheduled to begin at 1:00 a.m. Under the Committee bill, that individual could not be required to report to work any earlier than 7:00 a.m."); H.R. Rep. No. 103-65, at 29, reprinted in, 1994 U.S.C.C.A.N. at 2462 ("For example, an employer could not

reemployment would be based on the length of his or her period of service . . . .") (emphasis added); H.R. Rep. No. 103-65, at 29, reprinted in, 1994 U.S.C.C.A.N. at 2462 ("Under proposed section 4312(e), the time limits for applying for reemployment would depend strictly on the length or duration of the military service from which the serviceperson is being discharged or released. . . . With regard to military service of less than 31 days, servicemembers would ordinarily be required to report for work at the beginning of the first regularly scheduled working period on the next working day after release from service.") (emphasis added).

require a reservist who returns home from weekend duty at 10:00 p.m. to report to work at 12:30 a.m. that night, even if it is the beginning of the next regularly scheduled working period the next day. The Committee believes that an employee must be in a position to arrive at work rested in order to perform safely at work.").

However, that Congress took into account a service member's need for rest in shaping the reporting requirements does not mean that Congress intended to create a independent right to rest. On the whole, the thrust of the Senate and House Reports' focus on § 4312 is in terms of the employees' reporting requirements, as opposed to a statement of employees' rights. For example, both Reports explain that returning employees would be guaranteed USERRA rights "if the notice requirement of [4312] (a)(1) is met, the cumulative length of military service found in subsection (a)(2) is not exceeded and the reporting or application requirement of subsection (e) is complied with." H.R. Rep. No. 103-65, at 24, reprinted in, 1994 U.S.C.C.A.N. at 2457; see also S. Rep. No. 103-158, at 46 ("New section 4312(a) would generally provide that an individual who is absent from any position of employment for service in the uniformed services is entitled to reemployment and benefits . . . if the person satisfies the various requirements set forth in this new section."). In short, in § 4312(e) Congress sets forth a returning employee's requirement for providing notice of intent to return to work in order

to reclaim his or her former job, and contains no rights-creating language. Nothing in the legislative materials clearly evinces Congress's intent that § 4312(e) confer a right to rest.

For the foregoing reasons, plaintiff cannot state a cause of action under § 4132(e) for Wawa's alleged failure to allow Willie Gordon eight hours of rest between his return home from military exercises and commencing work.

### B.

Plaintiff argues that the Wawa store manager's alleged threat to fire Willie Gordon was an "adverse employment action" in violation of USERRA § 4311(b).

Section 4311 provides, in relevant part:

> (b) An employer may not discriminate in employment against or take any adverse employment action against any person because such person . . . has exercised a right provided for in this chapter . . . .

> (c) An employer shall be considered to have engaged in actions prohibited –

> \* \* \*

> (2) under subsection (b), if the person's . . . exercise of a right provided for in this chapter[] is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such person's . . . exercise of a right.

38 U.S.C. § 4311(b), (c)(2).

Plaintiff has not alleged that Willie Gordon attempted to exercise a right provided by USERRA, as required by § 4311(b), because, as we have held above, USERRA does not confer a right to rest.

Moreover, plaintiff has failed to assert a claim under § 4311(b). The complaint does not allege that Willie Gordon indeed attempted to assert any such right. The complaint alleges that Willie Gordon was tired and unrested (Compl. ¶ 13), and that the store manager ordered him to work within hours of his arriving home (Compl. ¶ 14), but fails to allege that he made the store manager aware that he had just finished his military exercises, that he was tired, and that he desired not to work the night shift. Plaintiff has alleged these facts for the first time on appeal, but in reviewing the District Court's Rule 12(b)(6) dismissal of her claims, this Court may only look to the factual allegations asserted in the complaint. ALA, Inc., 29 F.3d at 859.

Likewise, the complaint fails to allege that the store manager's alleged threat to terminate Willie Gordon's employment was motivated, in part, by Gordon's attempt to exercise a USERRA right, as required under § 4311(c). See, e.g., Gagnon v. Sprint Corp., 284 F.3d 839, 852 (8th Cir. 2002) (Under § 4311, "an employer violates the act when a

7

person's membership in the uniformed services is a <u>motivating factor</u> in the employer's action. . . .'") (emphasis in original); <u>Leisek v. Brightwood Corp.</u>, 278 F.3d 895, 898 (9th Cir. 2002) (same); <u>Gummo v. Village of Depew</u>, 75 F.3d 98, 106 (2d Cir.) (same), <u>cert. denied</u>, 517 U.S. 1190 (1996).

For these reasons, plaintiff has failed to assert the basic factual underpinnings of a § 4311 claim.

### C.

Plaintiff alleges that the acts of a store manager ultimately led to Willie Gordon's death, by causing him to work when he was too tired and causing him to drive home exhausted. This complaint essentially sounds in tort. USERRA, however, is not designed to protect employees from the tortious acts of employers or to remedy work-related harms. Rather, its provisions are tailored to effectuate its underlying purposes of: (1) encouraging "noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service;" (2) minimizing "the disruption to the lives of persons performing service in the uniformed services as well as to their employers" by providing for the prompt reemployment of service members upon their completion of service; and (3) prohibiting discrimination against them because of their uniformed services. 38 U.S.C. § 4301(a)(1)-(3). In line with these purposes, USERRA's remedial provisions are designed to

prevent, and to compensate a service member for, employment discrimination based on military status. <u>See</u> 38 U.S.C. § 4323(d)-(e), (h). Plaintiff's case is not about employment discrimination or the deprivation of an employment benefit based on military status. Accordingly, USERRA is an inappropriate vehicle for plaintiff's tort claims.

### III.

In sum, we hold that 38 U.S.C. § 4312(e) does not confer a right to rest, and thus, that plaintiff has failed to state a cause of action under USERRA. Essentially, USERRA protects a service member's employment rights, and plaintiff's allegations do not implicate Willie Gordon's employment rights. Accordingly, the order of the District Court will be affirmed. Each side to bear its own costs.

8