# CIRCUIT COURT OF ROANOKE COUNTY

Pamela Ennis Huff

v.

Michael G. Winston,
Sheriff

June 16, 2015

Case No. CL14-587

BY JUDGE DAVID B. CARSON

Pamela E. Huff has served our nation as a member of the armed forces and our community as a Roanoke County deputy sheriff. In this suit, she alleges that her former employer, the Sheriff of Roanoke County, violated her federally-protected rights as a service member who was called to active duty.

The statute under which she brings suit is the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. 4301 *et seq*. (West 2015). Huff sued former Sheriff Michael Winston, in his official capacity. Sheriff Winston has retired. His successor, Sheriff Charles I. Poff, Jr., in his official capacity, must be substituted as defendant.

Both Huff and the Sheriff have moved for summary judgment on Counts II and III of Huff's four-count Complaint. They agree that, as to Counts II and III, there are no material facts in dispute. The facts, as stated below, are the facts that the parties have agreed are true. The parties have submitted written memoranda and presented oral argument. For the reasons that follow, the Court will grant the Sheriff's motion for summary judgment in his favor on these two counts.

*Facts*

Huff was serving as a court bailiff when her U.S. Army Reserve unit was called to active service and deployed to Afghanistan for a 400-day tour of duty. While serving in Afghanistan, Huff sustained a variety of physical and emotional injuries, including Post-Traumatic Stress Disorder ("PTSD").

In due course, the Army released Huff from active-duty status, and, upon returning to the United States, Huff appropriately notified her employer, the Sheriff, of her intent to return to work. On July 1, 2011, Huff returned to work as a deputy sheriff and court bailiff, the same job she had held before her deployment to Afghanistan. She continued working until March 2012, when she was disabled by a job-related heart attack. The Sheriff discharged her on September 5, 2012.

*Analysis*

Relying on the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), Huff has filed a four-count Complaint against the Sheriff. The parties agree that, because factual issues exist with respect to Plaintiff's discrimination and retaliation claims, summary judgment on Counts I and IV is inappropriate. USERRA, a federal statute, provides two kinds of protection for reservists like Huff. It assures that they (1) are promptly reemployed in their civilian jobs upon their return from duty, and that, if they must first recover from service-connected illness or injury, those jobs are protected for up to two years and (2) are not discriminated against in employment based on past, present, or future military service. *See* 38 U.S.C. §§ 4312, 4313, 4311.

Although this case is in state court, federal substantive law governs. In Count II of her Complaint, Huff alleges that the Sheriff violated § 4313 of USERRA when he failed to make reasonable efforts to accommodate her PTSD when she was rehired. *Compare* 38 U.S.C. § 4312(a) ("any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits"), *and* 38 U.S.C. § 4313(a) (describing the time frame in which returning service members must notify their employers and, in some circumstances, providing a convalescing period that extends that time limit), *with* 38 U.S.C. § 4311(a) ("A person who is a member of ... [the] uniformed services shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership [in the uniformed services]."); *see also Francis v. Booz, Allen & Hamilton, Inc.,* 452 F.3d 299, 304 (4th Cir. 2006) ("In short, § 4312 requires an employer to rehire covered employees; § 4311 then operates to prevent employers from treating those employees differently after they are rehired.... . While combining to form comprehensive protection from the point of rehire to untimely dismissal, each provision is nonetheless functionally discrete.)

The United States Court of Appeals for the Fourth Circuit, which includes Virginia, has held that § 4313 does not apply to claims by service members who allege that, after they were rehired, they were the victims of discrimination. *Francis v. Booz, Allen & Hamilton, Inc.,* 452 F.3d 299, 304 (4th Cir. 2006). Those service members, the Fourth Circuit noted, are

protected by §§ 4311 and 4316 of USERRA. *Id.* (quoting *Jordan v. Air Prods. & Chems., Inc.*, 225 F. Supp. 2d 1206, 1208 (C.D. Cal. 2002)). Huff's attempt to distinguish the *Francis* decision is unpersuasive.

Count III of the Complaint suffers from the same problem as Count II. In Count III, Huff contends that, under § 4312 of USERRA, an injured service member's job is secure for two years after the end of the period of active military service. *See* 38 U.S.C. § 4312(e)(2)(A)-(B). As the Fourth Circuit explained in *Francis*, the relevant provisions of § 4312 become moot if and when the service member is — as Huff was — rehired. *Francis*, 452 F.3d at 304; *see* 38 U.S.C. § 4312(e)(2)(A)-(B). Furthermore, it should be noted that § 4312(e)(2) merely extends the time by which an employee must notify their employer of their intent to return to work; here, Huff correctly notes that she timely notified the Sheriff of her intent to return to work. Thus, the protections supplied by this section would not advance her cause *even if* the statute was constructed in the manner envisioned by Huff.

The Court will, therefore, grant the Sheriff's motion, and deny Huff's motion, for summary judgment on Counts II and III of the Complaint. So there is no question, summary judgment on these counts is interlocutory in nature, under Rule 3:20, so that this ruling will not be ripe for appeal until all of the disputed claims in this case have been disposed of.