John C. LEISEK, Plaintiff–Appellant,

v.

BRIGHTWOOD CORPORATION, an active Oregon corporation, Defendant–Appellee.

No. 00–35672.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2001.*

Filed Jan. 22, 2002.

* The panel unanimously finds this case appropriate for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Randy M. Elmer, Salem, OR, for the plaintiff-appellant.

Brad G. Garber, Lake Oswego, OR, for the defendant-appellee.

Before: THOMPSON, TASHIMA, and GRABER, Circuit Judges.

## OPINION

TASHIMA, Circuit Judge.

John C. Leisek appeals from the district court's grant of summary judgment in favor of Brightwood Corporation ("Brightwood") on Leisek's claims under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("US-ERRA"), 38 U.S.C. §§ 4301–4333. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

## I. BACKGROUND

Leisek was a full-time employee of Brightwood from December 10, 1991, until the effective date of the termination of his

employment, July 3, 1996, last holding the position of quality assurance inspector. He was also a member of the Oregon National Guard (the "Guard") at all times during his employment with Brightwood. Leisek owned and operated a hot-air balloon that had the National Guard insignia on it. Starting in 1995, he attended various events around the country, using the balloon as a recruiting and promotional tool for the National Guard. He designated his balloon program "H.A.B.I.T." (Hot Air Balloon Interaction Team).

Throughout the spring and summer of 1996, Leisek received several written orders to perform temporary active duty by attending and participating in ballooning events for the National Guard. Leisek provided Brightwood with a list of several events that he expected to attend from May 1996 to September 1996, although he did not have orders for all the events at the time. Because of the large number of events taking place during the summer months, Leisek requested a leave of absence for the summer months of 1996. Unlike in the previous year, however, when he had been granted leave, Brightwood denied Leisek's request and instructed him to stop soliciting ballooning events because his absences would be a hardship for Brightwood due to his specialized position.

The H.A.B.I.T. schedule that Leisek submitted to Brightwood included temporary duty dates for events in Boise, Idaho, from June 23 to June 30; Montrose, Colorado, from July 3 to 7; Monroe, Wisconsin, from July 8 to 14; and several other events from July through September. Leisek eventually received written orders for his participation in the events to take place in Idaho and Wisconsin, but he at no time received any Guard orders, either oral or written, for the event in Colorado.

In telephone conversations that took place during and shortly after Leisek's temporary duty in Boise, Idaho, David Duncan, the plant personnel manager at Brightwood, informed him that he was expected to report back to work upon completion of his Guard duties in Boise, because his request for leave to attend the event in Colorado had been denied; Brightwood had not received any written or oral Guard orders, which it required in order to authorize the leave. Duncan also told Leisek that Brightwood would not honor any future orders involving the balloon project, other than those for which it had already received orders, and that, if he chose to proceed on to the Colorado event rather than return to work, he would be considered to have quit voluntarily by abandoning his employment without authorization on July 1, 2, and 3. Leisek told Duncan that he would at that time "pursue his other options," which Duncan assumed meant he would be pursuing a full-time career in the Guard. Despite Duncan's warning, Leisek continued on to Colorado, where he remained until July 7. He remained in Colorado, even though he had Guard orders to attend the Wisconsin event between July 8 and 14. Leisek understood that his employment with Brightwood had been terminated.

Leisek fulfilled his remaining Guard assignments in July, August, and September 1996. He had no further contact with anyone at Brightwood until September 25, when he sought reemployment at the company. Leisek was invited to resubmit an employment application, but he refused to do so and was not reemployed.

Leisek then commenced this action, alleging unlawful employment practices in violation of USERRA on the basis of his termination and Brightwood's failure to reemploy him. On cross-motions for summary judgment, the district court granted

summary judgment in favor of Brightwood, concluding that Leisek had failed to establish a prima facie case under USERRA. Leisek timely appeals.

## II. STANDARD OF REVIEW

We review de novo a grant of summary judgment and must determine whether, viewing the evidence in the light most favorable to the non-moving party, there are any genuine issues of material fact and whether the district court correctly applied the substantive law. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and "set forth specific facts" that show a genuine issue for trial. *Id.* at 323–24, 106 S.Ct. 2548.

## III. DISCUSSION

USERRA "prohibit[s] discrimination against persons because of their service in the uniformed services." *Hill v. Michelin N. Am., Inc.*, 252 F.3d 307, 311 (4th Cir. 2001) (quoting 38 U.S.C. § 4301(a)(3)) (internal quotation marks omitted). Congress enacted USERRA in order to "clarify, simplify, and, where necessary, strengthen the existing veterans' employment and reemployment rights provisions." *Gummo v. Vill. of Depew*, 75 F.3d 98, 105 (2d Cir.1996) (quoting H.R.Rep. No. 103–65, at 18 (1994), *reprinted in* 1994 U.S.C.C.A.N. 2449, 2451) (internal quotation marks omitted).

A violation of USERRA occurs when a person's

> membership, application for membership, service, application for service, or obligation for service in the uniformed services is a *motivating factor* in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service.

38 U.S.C. § 4311(c)(1) (emphasis added); *see Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1012 (Fed.Cir.2001) (construing USERRA). By adopting this "motivating factor" formulation, Congress amended USERRA's antecedent to replace the "sole cause" standard mandated by the Supreme Court in *Monroe v. Standard Oil Co.*, 452 U.S. 549, 559, 101 S.Ct. 2510, 69 L.Ed.2d 226 (1981). There, the Court had interpreted the Vietnam Era Veterans' Readjustment Assistance Act of 1974, USERRA's predecessor, to require that an employee's military status be the *sole* motivation for the employer's action. *Id.* USERRA replaced the "sole motivation" test with a more lenient standard that requires only that the employee's military status was "a motivating factor" in the employer's action. *See Sheehan*, 240 F.3d at 1012–13; *see also Gummo*, 75 F.3d at 105 (stating that courts that have relied on dicta from *Monroe*, 452 U.S. at 559, 101 S.Ct. 2510, to require the employee's military status to be the sole factor have "misinterpreted the original legislative intent and history of 38 U.S.C. § 2021(b)(3) and are rejected on that basis") (citing H.R.Rep. No. 103–65, at 24 (1994), *reprinted in* 1994 U.S.C.C.A.N. 2449, 2457).

The reports of both the House Committee on Veterans' Affairs and the Senate Committee on Veterans' Affairs state that courts applying § 4311(b) should use the scheme of burden-of-proof allocations approved by the Supreme Court in *NLRB v. Transportation Management Corp.*, 462 U.S. 393, 401, 103 S.Ct. 2469, 76 L.Ed.2d

667 (1983). *See Gummo,* 75 F.3d at 106 (citing H.R.Rep. No. 103–65, at 24 (1994), *reprinted in* 1994 U.S.C.C.A.N. 2449, 2457; S.Rep. No. 103–158, at 45 (1994)). Under the scheme set forth in *Transportation Management,*[1] 462 U.S. at 401, 103 S.Ct. 2469, the employee first has the burden of showing, by a preponderance of the evidence, that his or her protected status was "a substantial or motivating factor in the adverse [employment] action;" the employer may then avoid liability only by showing, as an affirmative defense, that the employer would have taken the same action without regard to the employee's protected status.[2] *See Sheehan,* 240 F.3d at 1013; *Gummo,* 75 F.3d at 106.

### A. Termination Claim

We must determine: (1) whether there is sufficient evidence from which a jury could find that Leisek's Guard status or conduct was a substantial or "motivating factor" in Brightwood's decision to terminate his employment; and (2) if there is such evidence, whether Brightwood has established as an uncontroverted fact that it would have terminated his employment even if he had not been a member of the Guard. *See Gummo,* 75 F.3d at 106–07.

USERRA defines "service in the uniformed services" as

the performance of duty on a voluntary or involuntary basis in a uniformed service *under competent authority* and includes active duty, active duty for training, initial active duty for training, inactive duty training, full-time National Guard duty, a period for which a person is absent from a position of employment for the purpose of an examination to determine the fitness of the person to perform any such duty.

38 U.S.C. § 4303(13) (emphasis added). Thus, in order to be considered "service in the uniformed services," the performance of duty must be "under competent authority." *Id.*

█ Leisek was not acting under Guard orders, or under any other "competent authority," when he traveled to the Colorado event, rather than returning to work, and Brightwood was aware of this fact. The record contains evidence that Brightwood's corporate policy made unexcused absences a ground for termination of employment. Even though Leisek's unexcused absences would be a legitimate basis for Brightwood's decision to terminate his employment for the resulting absences from work on July 1 through 3, we nonetheless must examine whether the record supports the inference that Brightwood was also motivated by some other factor, namely, Leisek's Guard status, in terminating his employment. As noted, USERRA requires only that military status be a

---

**1.** Although the Court in *Dir., OWCP v. Greenwich Collieries,* 512 U.S. 267, 278, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994), overruled *Transportation Management.* in part on other grounds, it continued to recognize the validity of the *Transportation Management* burden-shifting scheme, because it places the burden of persuasion on the employer as to the affirmative defense only after the employee has first met the requirement of showing that the employer's decision was discriminatory.

**2.** In *Tarin v. County of Los Angeles,* 123 F.3d 1259, 1267 (9th Cir.1997), we applied the

*McDonnell Douglas/Burdine,* Title VII burden-shifting analysis to an employment discrimination claim arising under the Veterans' Reemployment Rights Act. *Tarin,* however, involved the Veterans' Reemployment Rights Act before it was re-enacted as USERRA, and particularly before the 1994 amendments to USERRA, discussed above, which removed the "sole motivation" requirement. Because of this change in the law by Congress, we are no longer bound by *Tarin*'s analysis of the burden of proof.

"motivating factor" in Brightwood's adverse employment action.

■ We agree with Leisek's contention that the district court erred by concluding that he failed to present evidence from which a reasonable fact finder could infer that Leisek's Guard status was a "motivating factor" in Brightwood's decision to terminate him. Under USERRA, discriminatory motivation of the employer

> may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.

*Sheehan*, 240 F.3d at 1014. The court may consider "all record evidence," including the employer's "explanation for the actions taken." *Id.*

Here, the evidence supports an inference that Leisek's military status was a "motivating factor" in Brightwood's decision to terminate his employment due to its concern regarding the significant number of absences from work that Leisek's participation in the H.A.B.I.T. program required. The record includes testimony supporting an inference that Leisek's Guard-duty absences since his promotion to the position of quality assurance inspector had created an increased burden for Brightwood and that it had proposed a plan that would restrict Leisek's future Guard-related absences to a period of three weeks and would deduct those absences from his vacation time. In addition, Duncan had informed Leisek that Brightwood had decided not to honor any future Guard orders, except for those that it already had in hand, and had instructed him to discontinue his solicitation of ballooning events. This evidence is sufficient to support an inference that Leisek's military status or conduct was a substantial or motivating factor in Brightwood's decision to terminate his employment.

■ Brightwood further contends that summary judgment was proper because it presented evidence that established the affirmative defense that it would have terminated Leisek's employment for his unauthorized absences, regardless of his Guard status or conduct. The burden of proof with respect to this affirmative defense is on the employer. *See Sheehan*, 240 F.3d at 1014. As we have noted, the record contains evidence that Brightwood's corporate policy made unexcused absences a reason for termination of employment. However, even though Leisek's unexcused absences would be a legitimate reason for terminating his employment, Brightwood has not established as an uncontroverted fact that it would have terminated Leisek even if he had not been active in the Guard's H.A.B.I.T. program. *See id.* (noting that one factor to consider is the "disparate treatment of certain [military-connected] employees compared to other employees with similar work records or offenses").

There are thus genuine issues of material fact both as to whether Leisek's Guard status and duty was a "motivating factor" in Brightwood's decision to terminate Leisek's employment and, if so, whether Brightwood would have made the same decision to terminate Leisek without regard to his protected status.

## B. Reemployment Claim

■ With respect to reemployment rights, USERRA provides that, subject to

certain conditions, "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights" under USERRA. 38 U.S.C. § 4312(a). Leisek attended the Colorado ballooning event without any Guard orders that he do so. His absence from employment while attending the Colorado event was thus not "necessitated by reason of service in the uniformed services." He is, therefore, not entitled to the reemployment benefits provided by USERRA.[3] Summary judgment was properly granted to Brightwood on Leisek's reemployment claim.

## IV. CONCLUSION

In sum, because there are material issues of fact about whether Leisek's termination was motivated by his Guard status and whether Brightwood has established that it would have terminated his employment even if he had not been a Guard member, the district court erred in granting summary judgment in favor of Brightwood on Leisek's termination claim. The district court, however, properly granted summary judgment to Brightwood on Leisek's reemployment claim. Accordingly, the decision of the district court is affirmed in part and reversed in part, and Leisek's termination claim under USERRA is remanded for further proceedings. Each party shall bear his or its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

**3.** Because we hold that Leisek is not entitled to USERRA's reemployment coverage, we need not reach the subsidiary issues of whether he provided Brightwood with adequate notice and whether his inquiry about reemployment was sufficient to trigger Brightwood's reemployment obligation under USERRA.