Gordon BECHARD, Plaintiff–
Appellant,

v.

William RAPPOLD, individually and in his capacity as Pondera County Commissioner; Dale Shelton, individually and in his capacity as Pondera County Commissioner; Robert Hovde, individually and in his capacity as Pondera County Commissioner; Pondera County, Defendants–Appellees.

No. 00–35956.

United States Court of Appeals,
Ninth Circuit.

Argued Jan. 7, 2002.

Submitted Jan. 22, 2002.

Filed April 19, 2002.

Jeff R. Lynch, Alexander, Baucus, Taleff & Paul, P.C., Great Falls, MT, for the plaintiff-appellant.

Roger T. Witt, Ugrin, Alexander, Zadick, & Higgins, P.C., Great Falls, MT, for the defendants-appellees.

Before THOMAS, GRABER and GOULD, Circuit Judges.

## OPINION

GOULD, Circuit Judge.

Gordon Bechard ("Bechard") appeals the district court's order granting summary judgment in favor of the Pondera County Commissioners and Pondera County ("defendants") on his claims for wrongful termination under Montana law and for violation of his civil rights under 42 U.S.C. § 1983. We review de novo, *Schultz v. Sundberg*, 759 F.2d 714, 716 (9th Cir.1985) (per curiam), and reverse the judgment below and remand for further proceedings.

Bechard's claims stem from defendants' decision to terminate him from his position of administrative assistant to the Pondera County Commissioners ("Commissioners"). The district court granted summary judgment because it concluded that defendants were entitled to legislative immunity for their actions in terminating Bechard.

Bechard was employed as an administrative assistant to the Commissioners from May 1, 1990, through March 15, 1996. He was terminated three and one-half months before the end of the County's fiscal year, and he was given severance pay equal to three and one-half months of salary. Upon termination, Bechard received a letter from the Commissioners stating that, although the termination was for "budgetary reason[s,] ... it [was] in the best interest of both parties to end [the] relationship immediately."

Bechard received the letter at 4:00 p.m. on Friday, March 15, 1996. He was immediately escorted from the building and directed not to return. The Commissioners in their deposition testimony said that the termination was conducted in this way for security reasons. After his termination, Bechard's duties were divided up between

the Commissioners and the Office of the Clerk and Recorder.

No formal minutes were taken at the meeting or meetings at which the Commissioners unanimously decided to terminate Bechard. An entry to the effect that his position had been terminated for budgetary reasons was made in the County's Minute Book *almost a week after the termination* and not contemporaneously with it. The Commissioners indeed did not pass a resolution formally terminating the position until seventeen months after they had terminated Bechard.

■ The dispositive issue here is whether defendants are entitled to legislative immunity for their actions in terminating Bechard. In *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470 (9th Cir.1998), we stated our rule governing legislative immunity, which bars suits against legislators when they have

> act[ed] in their legislative capacities, not in their administrative or executive capacities. In this circuit, we determine whether an act is legislative by considering two questions: (1) whether the act involves ad hoc decisionmaking, or the formulation of policy; and (2) whether the act applies to a few individuals, or to the public at large.

*Id.* at 476 (citations and internal quotation marks omitted). Additionally, in evaluating whether an act is legislative, we have been directed by the United States Supreme Court to look to whether the act is "formally legislative[in] character" and whether it bears "all the hallmarks of traditional legislation." *Bogan v. Scott Harris*, 523 U.S. 44, 55, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998).

■ Although the decision to eliminate a position for budgetary reasons is clearly legislative, *id.*, "[t]he decision to demote and to discharge a specific individual is an administrative act" that is not clothed in legislative immunity. *Chateaubriand v. Gaspard*, 97 F.3d 1218, 1221 (9th Cir.1996). The federal constitution grants legislative immunity explicitly only to members of the federal Congress. *See* U.S. Const. art. I, § 6, cl. 1; *see also Tenney v. Brandhove*, 341 U.S. 367, 372–73, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). But the application of the legislative immunity doctrine to local legislators, such as county commissioners, is now well-established. *See Bogan*, 523 U.S. at 49, 118 S.Ct. 966. Under this settled law, the issue that we must decide is whether the Commissioners' termination of Bechard was legislative, and protected by immunity, or administrative, in which case immunity is not a defense.

■ We conclude that defendants' actions in terminating Bechard, whether justified or actionable, were in any event not entitled to legislative immunity. The predominant circumstances surrounding Bechard's termination suggest that it involved ad hoc decisionmaking rather than the formulation of policy and that it initially affected only Bechard rather than affecting a large number of people. Moreover, the decision to terminate him neither was formally legislative in character, nor did it bear the hallmarks of traditional legislation.

We look, in part, to Montana law in evaluating these issues. In Montana, "[a]ll meetings of the board of county commissioners must be public," Mont.Code Ann. § 7–5–2125, and the commissioners' powers of self-government "may be exercised only by ordinance or resolution." Mont. Code Ann. § 7–1–104. The commissioners must record "all orders and decisions made by them and the daily proceedings had at all regular and special meetings" in a " 'Minute Book.' " Mont.Code Ann. § 7–5–2129(1).

But here, no description of any proceeding at which the Commissioners decided to terminate Bechard appears in the record. And it is clear from the Commissioners' depositions, particularly the deposition of Robert Hovde, that the decision was not made at all at a public meeting.[1] The same deposition testimony also suggests that minutes were not taken during the proceeding at which the decision was made and that the decision was not made by ordinance or resolution. Thus, the decision did not meet the legislative requirements of the Montana statutes cited above.

5. That the Commissioners did not make the decision in accord with the legislative requirements of Montana law supports the conclusion that their termination of Bechard was the product of ad hoc decisionmaking rather than of policy formulation. Similarly, the fact that many of Bechard's duties continued to be performed by other County employees suggests that the termination decision was an ad hoc, administrative decision relating to Bechard rather than a policy decision that his position was no longer necessary because his duties were no longer required. Because the above facts suggest that Bechard's termination was the product of ad hoc decision-making rather than of policy formulation, the termination does not meet *San Pedro Hotel Co.*'s first requirement for legislative immunity. 159 F.3d at 476.

■ As for the second prong of *San Pedro Hotel Co.*'s test for legislative immunity, it is clear that the decision initially affected only Bechard rather than affecting a large number of people. 159 F.3d at 476. While it is true that a local government's budgetary decision to terminate a position can be said to affect all constituents of the locality, *see Bogan,* 523 U.S. at 56, 118 S.Ct. 966, here the Commissioners did not make a resolution eliminating the position until seventeen months *after* Bechard's termination. Thus, the decision to terminate Bechard (a decision which affected only Bechard) appears to have been made separately from the later decision to terminate his position, a decision which affected all the citizens of the County.[2]

1. Robert Hovde was deposed as follows:

Q. [D]o you recall whether any formal meeting was conducted by the board prior to [Bechard's] termination where his termination was discussed and approved by the board?

A. Well, certainly we met to determine his situation, yes.

Q. And do you know if any minutes were taken of any meetings with the commission about this subject?

A. That I could not say.

Q. Do you recall whether the decision . . . was . . . unanimous . . . ?

A. Yes, it was.

Q. Do you recall whether any motion was made . . . to terminate his position? . . . .

A. I couldn't say that in all honesty. . . . .

Q. Do you recall whether there was any public meeting where the decision was made and a motion passed to terminate [Bechard's] employment?

A. Not to my knowledge there wasn't.

2. Defendants vigorously dispute this characterization and argue that Bechard's position was terminated immediately for budgetary reasons. Yet, in reviewing the summary judgment for the Commissioners, we must view the evidence in the light most favorable to Bechard as the nonmoving party. *Leisek v. Brightwood Corp.,* 278 F.3d 895, 898 (9th Cir. 2002). In that light, it cannot be said that undisputed facts establish that the conduct of the Commissioners surrounding the termination was solely budgetary and legislative in nature. Bechard was terminated more than three months before the end of the County's fiscal year and, upon his termination, he was immediately escorted from the building and directed not to return. An entry in the Minute Book noting that Bechard's position had been terminated for budgetary reasons was recorded *almost a week after* the termination. Seventeen months later, his position was formally eliminated by resolution.

Viewed in the light most favorable to Bechard, the Commissioners' conduct in terminating Bechard several months before the end of the fiscal year and in immediately escorting Bechard from the building and directing him not to return suggests an administrative decision to terminate Bechard rather than a policy decision to eliminate the position he held.[3] The entry in the Minute Book showing that Bechard's position had been terminated was made almost a week after Bechard's termination, and the formal resolution was made almost a year and a half after the termination. These facts suggest that the decision to terminate Bechard was a separate decision made before the decision to eliminate his position. The second prong of *San Pedro Hotel Co.* does not support the application of legislative immunity to this case, where the challenged conduct was aimed primarily at one individual.

On the record before us, it is clear that neither of the factors that we used in *San Pedro Hotel Co.* to determine whether a party is entitled to legislative immunity supports the application of legislative immunity on summary judgment here. Before rejecting defendants' claim to legislative immunity, however, we turn to the general standards regarding that doctrine that the Supreme Court put forth in *Bogan.*

As stated above, the *Bogan* Court looked to whether the action for which immunity is sought is formally legislative in character and whether it bears the hallmarks of traditional legislation. *Bogan,* 523 U.S. at 55, 118 S.Ct. 966. Neither standard supports the application of legislative immunity in this case. Instead, defendants' lack of compliance with Montana law makes the termination at odds with both standards. Here, the formal resolution eliminating the position, which was required under Montana law, was not passed until seventeen months after the termination. That fact alone shows that Bechard's March 1996 termination was neither formally legislative in character nor did it bear the hallmarks of traditional legislation. Similarly, the post hoc nature of the entry in the Minute Book noting Bechard's termination means that the initial legislative record of the termination was not contemporary with the action itself, distinguishing this case from *Bogan.*[4] Finally, the Commissioners acted informally (and therefore consistently with an administrative role) when they escorted Bechard from the building and directed him not to return immediately after terminating him; their actions in that regard were neither formally legislative nor did they bear the hallmarks of traditional legislation. *Bogan* does not support applying

---

3. Additionally, the fact that Bechard was given three and one-half months of severance pay can be seen as belying defendants' financial explanation for the termination, particularly in light of the odd timing of the termination, which occurred several months before the end of the fiscal year. In the context of the other evidence that suggests that the Commissioners made an administrative decision to terminate Bechard, the evidence regarding severance pay bolsters Bechard's case against the application of legislative immunity.

4. It is evident that a legislative decision could either be made (and recorded) before or con-

temporaneously with a purportedly legislative action to comply with *Bogan*'s requirement that the challenged action bear the hallmarks of traditional legislation. However, a decision that is not recorded until nearly a week after the purportedly legislative action raises questions. The belatedness of the entry also casts doubt on the formally legislative character of the decision to terminate Bechard under *Bogan,* particularly in light of Montana's requirement that the Commission keep daily records of its proceedings. *See* Mont.Code Ann. § 7–5–2129(1).

**832**

legislative immunity to Bechard's termination.

Because neither the Ninth Circuit's test in *San Pedro Hotel Co.* nor the Supreme Court's decision in *Bogan* supports granting defendants immunity for Bechard's termination, we reverse the district court's order granting summary judgment for defendants and remand for further proceedings. We stress that in rejecting legislative immunity on the record and procedural context of summary judgment before us, we do not imply any conclusion about whether the challenged conduct is actionable. We hold simply that it is not immune from challenge.

The summary judgment is RE-VERSED, and the case is REMANDED for further proceedings consistent with our opinion.