Darryel D. SIMMONS, Plaintiff–Appellant,

v.

HERBALIFE INTERNATIONAL OF AMERICA, INC., a corporation authorized to do business in the State of California, Defendant–Appellee.

No. 04–56921.

D.C. No. CV–03–06308–JFW.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.[*]

Decided June 22, 2005.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Odion L. Okojie, Law Offices of Odion L. Okojie, Los Angeles, CA, for Plaintiff–Appellant.

Marcus A. Torrano, Morrison & Foerster, LLP, Los Angeles, CA, for Defendant–Appellee.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM**

Darryel D. Simmons appeals the district court's summary judgment in favor of Herbalife International of America, Inc. in his action alleging wrongful termination in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4311(c) ("USERRA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir.2002), and we reverse and remand.

Herbalife terminated Simmons from his position as the Director of Information Technology Operations, Network Services the day he returned to work from military duty with the United States Marine Corps Reserve. "A violation of USERRA occurs when a person's membership, . . . service, . . . or obligation for service in the uniformed services is a *motivating* factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, . . . service, . . . or obligation for service." 38 U.S.C. § 4311(c)(1) (emphasis added); *see also Leisek,* 278 F.3d at 898 (*citing Sheehan v. Dep't of the Navy,* 240 F.3d 1009, 1012 (Fed.Cir.2001) (construing USERRA)).

To support his contention that his termination was in violation of the USERRA, and to controvert Herbalife's assertions that it was part of a reduction in force, Simmons presented affidavits from co-workers stating that Simmons' immediate supervisor made derogatory statements regarding Simmons' taking time off work to participate in the Reserves, and said that Simmons was "skating on thin ice" with management because of taking leave to "play soldier." *See Gifford v. Atchison, Topeka & Santa Fe Railway,* 685 F.2d 1149, 1156 (9th Cir.1982) (holding that question of employer's intent is always one of fact which cannot be determined on summary judgment based exclusively on employer's declarations). Simmons also submitted evidence to show his participated in the decision to terminate him.

Thus, there are genuine issues of material fact both as to whether Simmons' service was a "motivating factor" in Herbalife's decision to terminate him and, if so, whether Herbalife would have made the same decision to terminate Simmons even had he not been active in the Reserves. *See id.* at 899–900. We therefore reverse

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the district court's summary judgment and remand for further proceedings.

**REVERSED and REMANDED.**