**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 22, 2007**

**FOR THE TENTH CIRCUIT**

CLOYDE LEWIS,

  Plaintiff-Appellant,

v.

RITE OF PASSAGE, INC.,

  Defendant-Appellee.

No. 06-1138
(D.C. No. 04-CV-1683-EWN-PAC)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH, ANDERSON**, and **BALDOCK**, Circuit Judges.

---

  Plaintiff Cloyde Lewis appeals the district court's grant of summary judgment to defendant Rite of Passage, Inc. (ROP) on his claim that ROP violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. §§ 4301-4333, when it terminated his employment. We have jurisdiction under 28 U.S.C § 1291 and we affirm.

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ROP operates Ridge View Youth Service Center, a residential educational facility, under contract with the Division of Youth Services for the State of Colorado. Mr. Lewis worked in a variety of positions in Ridge View's medical clinic. During his employment with ROP, Mr. Lewis also was a member of the United States Air Force Reserve and was assigned to an Air Force Reserve unit at Peterson Air Force Base in Colorado Springs, Colorado. His Air Force Reserve duties required him to attend monthly drill weekends at the base as well as an annual two-week tour.

One of the purposes of the USERRA is "to prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). An employer will be considered to have violated the USERRA if it terminates an employee and the employee's

> membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service[.]

*Id.* § 4311(c)(1).

"Precedent interpreting and applying the USERRA is sparse." *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). What little precedent there is, however, has followed the intent expressed in the legislative history of the USERRA to employ the evidentiary scheme for cases arising under the National

Labor Relations Act adopted by the United States Supreme Court in *National Labor Relations Board v. Transportation Management Corp.*, 462 U.S. 393, 401 (1983), in analyzing discrimination claims under § 4311. *E.g., Sheehan*, 240 F.3d at 1013; *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898-99 (9th Cir. 2002). Under this evidentiary scheme, the employee "bear[s] the initial burden of showing by a preponderance of the evidence that [his or her] military service was a substantial or motivating factor in the adverse employment action." *Sheehan*, 240 F.3d at 1013 (quotation marks omitted). "[M]ilitary status is a motivating factor if the defendant relied on, took into account, considered, or conditioned its decision on that consideration." *Coffman v. Chugach Support Servs., Inc.*, 411 F.3d 1231, 1238 (11th Cir. 2005) (quotation marks omitted).

If the employee meets his initial burden, "the burden shifts to the employer to prove the affirmative defense that legitimate reasons, standing alone, would have induced the employer to take the same adverse action." *Sheehan*, 240 F.3d at 1014. Unlike Title VII cases, however, where only the burden of production shifts to the employer and the burden of persuasion remains with the employee, under § 4311, once the employee establishes that his or her military service was a substantial or motivating factor in the adverse employment action, both the burden of production and the burden of persuasion shift to the employer. *Sheehan*, 240 F.3d at 1014; *Maxfield v. Cintas Corp. No. 2*, 427 F.3d 544, 551 (8th Cir. 2005).

In the summary judgment context, the employee must establish a genuine issue of material fact as to whether his military status was a motivating factor in the adverse employment action to survive summary judgment. *See, e.g., Hill v. Michelin N. Am., Inc.*, 252 F.3d 307, 313 (4th Cir. 2001). To prevail on summary judgment, the employer must then establish not just that it had a legitimate basis for taking the adverse employment action, but as a matter of uncontroverted fact that it would have taken the adverse employment action regardless of the employee's military status. *See Leisek*, 278 F.3d at 900.

The district court here concluded that Mr. Lewis failed to meet his initial burden of establishing a genuine issue of material fact as to whether his military service obligation was a motivating factor in his termination. Having carefully reviewed the parties' briefs, the record on appeal, and the pertinent law, we AFFIRM the judgment of the district court for substantially the reasons stated in its Order and Memorandum of Decision of March 9, 2006.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-4-