Emille V. DE CUIR, Plaintiff–Appellant,

v.

**COUNTY OF LOS ANGELES; et al., Defendants–Appellees.**

No. 05–56499.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.[*]

Filed Feb. 28, 2007.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Emille V. De Cuir, Riverside, CA, pro se.

Toni Rae Bruno, Esq., Richard S. Kemalyan, Esq., Dwyer Daly Brotzen & Bruno, Los Angeles, CA, Jad T. Davis, Esq., Ropers, Majeski, Kohn & Bentley, Los Angeles, CA, for Defendants–Appellees.

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Emille De Cuir appeals pro se from the district court's judgment dismissing his action alleging defendants discriminated and retaliated against him based on his status as a veteran of the uniformed services in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301–4333. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir.2002), and determination that an action is barred by res judicata, *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir.2005). We review for abuse of discretion the district court's decision to not consider evidence presented for the first time in objections to the magistrate judge's report. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir.2002). We affirm.

■ Even if the USERRA applied to De Cuir's 1990 failure to hire claim, the district court properly granted summary judgment because De Cuir failed to create a triable issue as to whether his veteran status was a "motivating factor" in defendants' action. *See* 38 U.S.C. § 4311(c)(1); *Leisek*, 278 F.3d at 900.

■ The district court also properly concluded that De Cuir's retaliation claim based on his citation and subsequent prosecution in 1996 for fare evasion aboard a Metrolink train was barred by res judica-

ed by 9th Cir. R. 36–3.

ta, because he had previously brought a federal action based on the same "transactional nucleus of facts." *See Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077–81 (9th Cir.2003) (discussing the three elements of a res judicata defense).

■ The district court did not abuse its discretion in declining to consider evidence De Cuir presented for the first time in his objections to the magistrate judge's report recommending summary judgment for defendants. *See United States v. Howell,* 231 F.3d 615, 621 (9th Cir.2000) ("a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation").

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.