**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE J. MARINO AND MARY ANN MARINO LIVING TRUST,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>AKAL SECURITY INC.,<br><br>        Defendant - Appellee. | No. 09-55320<br><br>D.C. No. 2:07-cv-03931-VBF-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted April 5, 2010
Pasadena, California

Before: PREGERSON and BEEZER, Circuit Judges, and GRAHAM, Senior District Judge.[**]

Plaintiff-Appellants Lawrence J. Marino ("Marino"), now deceased, and

Mary Ann Marino Family Revocable Living Trust (collectively "Plaintiffs") appeal

the district court's grant of judgment as a matter of law in favor of Defendant-

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable James L. Graham, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

Appellee Akal Security, Inc. ("Akal"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We state the facts only as necessary to explain our decision. Through its contract with the United States Marshal Service, Akal employed Lawrence Marino as a Court Security Officer ("CSO"). Marino was also a Master Sergeant in the United States Army. In 2005, the Army ordered Marino to serve six months of active duty, an order with which Marino complied.

The day Marino returned to work, several CSOs saw him drinking what appeared to be a Coors Cutters, a brand of "near beer," in the breakroom. Several CSOs reported the incident to their supervisor, James Mosier. Akal reported the allegations to the Marshal Service, which directed Akal to investigate.

Akal investigated. Supervisor Mosier solicited witness statements. One CSO reported that he saw Marino drinking in the breakroom from a "non-alcoholic Coors bottle." Another CSO stated that he saw Marino take a brown bottle from the refrigerator and drink its contents, and that the bottle cap had the word "Coors" on it. Additionally, Marino told Supervisor Mosier that he drank two "non-alcoholic beers" in the breakroom.

Based on its investigation, Akal concluded that Marino had violated a number of Performance Standards by drinking two Coors Cutters in the

2

breakroom. Akal decided that the appropriate discipline was a thirty-day suspension and a final letter of warning, in part because Marino had previously been warned that CSOs are not permitted to drink near beer at work. Akal reported its findings and conclusions to the Marshal Service.

The Marshal Service rejected Akal's proposed discipline because it concluded that "Marino has shown severe breach of security and lack of personal [sic] conduct by drinking alcoholic beverages on duty." Based on its own investigation and its review of Akal's investigation, the Marshal Service "requested CSO Marino's permanent removal from service . . . ." Akal's contract with the Marshal Service required Akal to permanently remove a CSO from duty at the Marshal Service's request. After the Marshal Service ordered Akal to permanently remove Marino from service, Akal terminated Marino.

Marino brought suit against Akal in federal district court alleging causes of action for: (1) retaliation for military service in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA); and (2) retaliation for whistle-blowing in violation of Cal. Labor Code § 1102.5 and public policy. At the close of Plaintiffs' case, Akal moved for judgment as a matter of law as to each cause of action under Federal Rule of Civil Procedure 52(c). The district court granted Akal's motion, concluding that, although the court was "not

unsympathetic to Mrs. Marino . . . . , [a]s a matter of law, plaintiff does not have a viable claim against the defendant."  We agree.

In an appeal from judgment as a matter of law under Fed. R. Civ. P. 52(c), we review the district court's findings of fact for clear error and its conclusions of law de novo.  *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001).

## 1.    USERRA § 4316(c)

USERRA § 4316(c) prohibits employers from terminating a veteran, except for cause, within one year after the veteran returns to work from military service if the veteran served more than 180 days; or within 180 days after the veteran returns to work if the veteran served between 30 and 180 days.  38 U.S.C. § 4316(c). Because Akal established that the Marshal Service's order to permanently remove Marino from duty prevented Akal from continuing to employ Marino as a CSO, we affirm the district court's grant of judgment as a matter of law as to Plaintiffs' USERRA § 4316(c) claim.[1]  *See* 20 CFR § 1002.248(b) (an employer may show cause by establishing that an independent, non-discriminatory reason caused an employee's position to be eliminated).

---

[1] We reject Plaintiffs' contention that Akal's report to the Marshal Service misled the Marshal Service.  Akal's report's factual conclusions are fairly supported by the record, and its disciplinary conclusions are transparent.

**2.  USERRA § 4311**

USERRA § 4311 prohibits employers from discriminating against an employee because of that employee's military service.  38 U.S.C. § 4311. Plaintiffs' § 4311 claim fails because Akal established that it would have terminated Marino even if Marino had not been a member of the military service because the Marshal Service ordered Akal to remove Marino from service as a CSO—an order with which Akal was contractually obligated to comply.  *See Leisek v. Brightwood Corp.*, 278 F.3d 895, 899-900 (9th Cir. 2001).  Consequently, the district court did not err when it granted Akal's motion for judgment as a matter of law with respect to Plaintiffs' § 4311 claim.

**3.  California Labor Code § 1102.5**

Plaintiffs allege that Akal retaliated against Marino in violation of California Labor Code § 1102.5(b) because Marino made complaints about Akal to various government agencies.[2]  Section 1102.5(b) prohibits employers from retaliating against an employee for "disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the

---

[2] Marino made complaints to various government officials that Akal had criminal connections, was involved in criminal activity, and was committing billing irregularities and contract fraud.

5

information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."

With respect to this claim, Plaintiffs allege two distinct forms of adverse employment action: (1) Akal's denial of Marino's request for his preferred positions when he returned to work, and (2) Akal's termination of Marino. Marino did not suffer an adverse action when Akal denied his request for his preferred positions when he returned to work. Bidding for CSO schedules was governed by the Collective Bargaining Agreement ("CBA") between the Court Security Officers Union and Akal. The CBA provided that bidding for schedules was governed by seniority and took place once a year; but the CBA did not provide for bidding for specific positions. Although Marino did not get his first choice schedule, that schedule was not open for bid. Additionally, although Marino did not get his second choice position, Marino did not have a right to bid on positions, only on schedules—and Marino did get his second choice schedule (the same schedule he had before his military service). Therefore, the only adverse action that could have served as a basis for Plaintiffs' § 1102.5 claim was Marino's termination.

Plaintiffs' § 1102.5(b) claim fails because Akal established a legitimate, non-discriminatory reason for terminating Marino and Plaintiffs did not show that

6

Akal's reason was pretextual. *See Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (Ct. App. 2005); *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 68 (Ct. App. 2001). Akal established a legitimate, non-discriminatory reason for terminating Marino: the Marshal Service ordered Akal to permanently remove Marino from service as a CSO.

Plaintiffs did not establish pretext. First, Plaintiffs did not directly establish that a discriminatory reason more likely motivated Akal to terminate Marino. *See Morgan*, 88 Cal. App. 4th at 68. At the end of its investigation, Akal only intended to suspend Marino. Akal did not terminate Marino until after the Marshal Service ordered Akal to permanently remove Marino from duty as a CSO. Second, Plaintiffs did not indirectly establish pretext by showing that Akal's proffered reason is unworthy of credence: Akal could not continue to employ Marino as a CSO after the Marshal Service ordered Akal to permanently remove Marino from duty as a CSO. *Id.* Consequently, the district court did not err when it granted Akal's motion for judgment as a matter of law with respect to Marino's California Labor Code § 1102.5 Claim.

**4.** **Claim for Discrimination in Violation of Public Policy**

Plaintiffs argue that because they have shown discrimination under California Labor Code, they have also stated a claim for discrimination in violation

7

of public policy. *See Rojo v. Kliger*, 52 Cal. 3d 65, 74-75 (1990). This argument fails because Plaintiffs did not show discrimination under California Labor Code. Consequently, the district court did not err when it granted Akal's motion for judgment as a matter of law with respect to Marino's common law discrimination claim.

**5.    Conclusion**

For all of the foregoing reasons, we **AFFIRM** the district court.