**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ACHIQUE COYASO,

      Plaintiff - Appellant,

  v.

BRADLEY PACIFIC AVIATION, INC.,

      Defendant - Appellee.

No. 12-16297

D.C. No. 1:11-cv-00267-JMS-RLP

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted June 12, 2014[**]
Honolulu, Hawaii

Before: W. FLETCHER, IKUTA, and HURWITZ, Circuit Judges.

    Plaintiff Achique Coyaso appeals the district court's grant of summary

judgment to Bradley Pacific Aviation, Inc. ("Bradley"), on Coyaso's claims under

the Uniformed Services Employment and Reemployment Rights Act

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("USERRA"), 38 U.S.C. §§ 4311, 4312; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3; and Hawai'i anti-discrimination law, Haw. Rev. Stat. § 378-2(1). Coyaso also appeals the district court's decision to decline supplemental jurisdiction over his claim under the Hawai'i Whistleblowers' Protection Act, Haw. Rev. Stat. §§ 378-61, 378-62. Finally, Coyaso appeals the district court's denial of his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly granted summary judgment to Bradley on Coyaso's discrimination claim under USERRA because Bradley "establish[ed] as an uncontroverted fact that it would have terminated [Coyaso's] employment even if he had not been a member of the [Army Reserve]." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 899 (9th Cir. 2002). Bradley's stated reason for firing Coyaso was that Coyaso assaulted Ingrid Wehner at a business adjacent to Bradley. Bradley investigated the allegation of assault. The undisputed facts show that the evidence available to Bradley at the time of its investigation supported its conclusion that Coyaso assaulted Wehner and withheld information during the investigation. Coyaso presented no evidence from which a reasonable jury could find that Bradley did not conduct the investigation in good faith or did not honestly believe that Coyaso assaulted Wehner. *See Escher v. BWXT Y-12, LLC*, 627 F.3d 1020,

2

1030 (6th Cir. 2010); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002). There is no dispute that the evidence Coyaso now adduces to support his version of the incident was not before Bradley at the relevant time. Therefore, the credibility of the parties is not at issue, and the district court did not make any credibility findings.

For the same reason, summary judgment was proper on Coyaso's discrimination and retaliation claims under Title VII and Hawai'i state law. No reasonable jury could find that Bradley's stated reason for firing Coyaso was a pretext for discrimination or retaliation. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006); *Schefke v. Reliable Collection Agency, Inc.*, 32 P.3d 52, 425–26 (Haw. 2001).

Coyaso has waived his reemployment claim under USERRA by not "specifically and distinctly" arguing it in his opening brief. *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998).

Having dismissed all of Coyaso's federal claims, the district court did not abuse its discretion by declining supplemental jurisdiction over Coyaso's claim under the Hawai'i Whistleblowers' Protection Act. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will

3

point toward declining to exercise jurisdiction over the remaining state-law claims.'").

The district court also did not abuse its discretion by denying Coyaso's motion for reconsideration. Whether or not Wehner's deposition testimony was "newly discovered evidence" as required by Federal Rule of Civil Procedure 59(e), it was not "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987). Coyaso did not provide any evidence that Bradley knew or should have known about the events discussed in Wehner's deposition. The deposition itself occurred more than a year after Bradley's investigation. Therefore, the deposition has no relevance to whether Bradley honestly believed that Coyaso assaulted Wehner. *See Escher*, 627 F.3d at 1030; *Villiarimo*, 281 F.3d at 1064.

**AFFIRMED.**

4