NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHANNES CLAUS, Plaintiff-Appellant, v. CANYON COUNTY, a political subdivision of the State of Idaho, Defendant-Appellee. | No. 22-35292 D.C. No. 1:19-cv-00197-REP MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
Raymond Edward Patricco, Jr., Magistrate Judge, Presiding

Argued and Submitted June 6, 2023
Seattle, Washington

Before: SCHROEDER, CALLAHAN, and BEA, Circuit Judges.

Johannes Claus ("Plaintiff") appeals the district court's order granting summary judgment to Canyon County ("Defendant") on his employment discrimination claim brought under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") and his related Idaho state law emotional distress claim. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The parties are familiar with the facts of the case, so we do not recite them here. A district court's grant of summary judgment is reviewed de novo. *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). A court must view the evidence in the light most favorable to the non-movant. *Id.* But any factual dispute must be *genuine* and *material*. *Scott v. Harris*, 550 U.S. 372, 380 (2007). While direct evidence proffered by the non-moving party is taken as true, even if implausible, the court is not required "to draw unreasonable inferences from circumstantial evidence." *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

1. The district court correctly held that there was no genuine issue of material fact that would permit a rational trier of fact to find that Plaintiff's grievance regarding his salary, a USERRA-protected right, was a substantial or motivating factor in Defendant's decision to terminate him. *See Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). The material facts surrounding Plaintiff's termination are not disputed: he disclosed confidential information to a third party, his supervisors investigated the disclosure shortly thereafter, and his supervisors have consistently maintained their belief that he engaged in professional misconduct. It is undisputed that Plaintiff's supervisors resolved the pay dispute in *his favor* within three weeks of his request for a salary increase and months before Plaintiff made the unauthorized disclosure of the witness list. The lack of a connection between Plaintiff's exercise of a USERRA-protected right and his termination is

2

fatal to his USERRA claim. *Id.*

Despite the clear support for the district court's decision, Plaintiff contends his disclosure of the witness list was a pretextual basis for his termination. He concedes that there are no examples of attorneys who disclosed confidential information outside the office but were not fired because they were not veterans demanding higher pay. He instead relies on other circumstantial evidence, but it fails to create a plausible nexus between his pay dispute and his termination.

Plaintiff has not identified evidence that impugns the sincerity of the supervisors' belief that his disclosure of confidential information to a third party constituted misconduct, which means there is no genuine issue of material fact for trial. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002). Because Plaintiff fails to identify any evidence that impugns the sincerity of his supervisors' beliefs, it is undisputed that they took what they believed was the proper course of action to respond to Plaintiff's disclosure of the witness list. Thus, the district court properly granted summary judgment to Defendant on Plaintiff's USERRA claim.

2. Even were we to assume Plaintiff's pay dispute played some role in his termination, summary judgment was still proper. There is no genuine issue of material fact regarding Defendant's affirmative defense that it would have fired Plaintiff regardless whether he had demanded higher pay. *See Huhmann v. Fed.*

*Express Corp.*, 874 F.3d 1102, 1105 (9th Cir. 2017). As explained above, it is undisputed that Plaintiff's supervisors sincerely believed his disclosure of confidential information to a third party constituted a serious lapse in judgment that justified his termination. While Plaintiff contests the proper interpretation of Idaho's ethics rules, he has not identified any record evidence to suggest the supervisors doubted the correctness of their interpretation. *Villiarimo*, 281 F.3d at 1063. Because Plaintiff fails to generate a genuine dispute as to the facts supporting Defendant's affirmative defense, the district court correctly held that Defendant is entitled to summary judgment on this alternate basis.

3. Both parties agree that Plaintiff's emotional distress claim fails as a matter of law given Defendant is entitled to summary judgment on Plaintiff's USERRA claim. *Bollinger v. Fall River Rural Elec. Co-op., Inc.*, 272 P.3d 1263, 1273 (Idaho 2012). Thus, summary judgment was also properly entered in Defendant's favor on Plaintiff's emotional distress claim.

**AFFIRMED.**